394 So.2d 1 (1980)
Thadeus Lamar JOHNSON
v.
AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, a corporation, et al.
CER-20.
Supreme Court of Alabama.
August 15, 1980.
Rehearing Denied February 6, 1981.
Betty C. Love and B. Greg Wood of Love, Love & Lawrence, Talladega, for petitioner.
Edgar M. Elliott and Thomas A. Woodall, of Rives, Peterson, Pettus, Conway, Elliott & Small, Birmingham, for respondents.
Lanny S. Vines, of Emond & Vines, Birmingham, amicus curiae for Alabama Trial Lawyers Ass'n.
Bibb Allen and John M. Laney, Jr., of London, Yancey, Clark & Allen, and John H. Morrow and Stephen E. Brown, of Bradley, Arant, Rose & White, Birmingham, amicus curiae for American Ins. Ass'n, Alliance of American Insurers and Fireman's Fund Ins. Co.
Larry W. Harper of Porterfield, Scholl, Clark & Harper, Birmingham, amicus curiae for Employers Ins. Co. of Alabama and Employers Mut. Liability Ins. Co. of Wisconsin.
George M. Van Tassel, Jr., and Charles E. Sharp, of Sadler, Sadler, Sullivan, Sharp & Stutts, Birmingham, amicus curiae for Liberty Mut. Ins. Co.
William F. Gardner of Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, and James D. Pruett, Gadsden, amicus curiae for Goodyear Tire & Rubber Co.
Frank J. Tipler, Jr., and W. Sidney Fuller of Tipler, Fuller & Sikes, Andalusia, and Kelly, Knowles & Lee, Geneva, and G. A. Lindsey, Elba, amicus curiae for John F. Coleman, et al.
PER CURIAM.
Pursuant to Rule 18, ARAP, the United States District Court for the Northern District of Alabama, Southern Division, requests this Court to answer a question of law which that court deems determinative of an action before it and on which there is no clear controlling precedent in the decisions of this Court.
The Federal District Court, in support of the certificate, submits the following facts:
Plaintiff Thadeus Lamar Johnson was injured under circumstances such that compensation was payable (and, in fact, paid) to him under Chapter 5 (Workmen's Compensation) of Title 25 of the 1975 Code of Alabama. He brought this action to recover damages from his employer's workmen's compensation insurance carrier and the carrier's employee, alleging that the carrier's employee negligently performed a safety inspection of the premises. Defendants *2 have moved for summary judgment, claiming statutory immunity.
On the basis of the above facts, the following question is presented (CER-20):
"Whether, under the principles stated in Grantham v. Denke, 359 So.2d 785 (Ala.1978), Sections 25-5-1(4), 25-5-11, and 25-5-53 of the Alabama Code are unconstitutional to the extent they provide immunity from suits for negligent safety inspections to (1) the workmen's compensation carrier and (2) the employee of the workmen's compensation carrier who performed the inspection."
We reframe the question:
May the legislature constitutionally immunize from tort liability a workmen's compensation carrier (and its employees) for injuries resulting to employees of the insured from negligent inspections performed by the carrier?
We answer, "No," on the authority of Fireman's Fund American Insurance Company v. Coleman, 394 So.2d 334 (Ala.1980).
QUESTION ANSWERED IN THE NEGATIVE.
BLOODWORTH, FAULKNER, and EMBRY, JJ., concur.
JONES, ALMON, and SHORES, JJ., concur in the result.
TORBERT, C. J., and MADDOX and BEATTY, JJ., dissent.
MADDOX, Justice (dissenting).
I dissent for the same reasons I expressed in my dissent in Grantham v. Denke, 359 So.2d 785 (Ala.1978). I also call attention to the scholarly dissent by Mr. Justice Beatty in Fireman's Fund American Insurance Company v. Coleman, 394 So.2d 334 (Ala. 1980). I also call attention to the law review article entitled Election and Coemployee Immunity Under Alabama's Workmen's Compensation Act, 31 Ala.L.Rev. 1 (1979).
BEATTY, Justice (dissenting):
I dissent in accord with the views expressed in my dissent in Fireman's Fund American Insurance Company v. Coleman, Ala., 394 So.2d 334 (1980).
TORBERT, C. J., and MADDOX, J., concur.