Petition for writ of mandamus to the Honorable Thomas E. Huey, Jr., Circuit Judge, respondent, to require the respondent to transfer this case from Jefferson County to Calhoun County. The writ is denied.
On September 29, 1981, Bryan and Lisa Deese filed this medical malpractice action in Jefferson County. The action concerns the stillbirth of the Deeses' child in which incident a fetal heart monitor was used. Named as defendants were Dr. Lee S. Smith, the Regional Medical Board d/b/a Northeast Alabama Regional Medical Center, and certain fictitious parties,
 "thereby intending to refer to the person, firm or corporation which manufactured the fetal heart monitor which was used to monitor the infant which was born dead in the incident described in the complaint."
On October 25, 1981, Dr. Smith moved to transfer the action to the Circuit Court of Calhoun County on the grounds, interalia, that he was engaged in the private practice of medicine in Calhoun County, had not engaged in such practice in Jefferson County, and that all medical treatment rendered by him had been rendered in Calhoun County, and that "the venue of this action as to all named defendants [was] improper in Jefferson County."
Then, on January 22, 1982, the plaintiffs' complaint was amended as follows:
 "Comes [sic] now the plaintiffs in the above styled cause and amends [sic] their complaint by substituting for fictitious party `16' the following:
 "Corometrics Medical Systems, Inc. 61 Barnes Park Road North Wallingford, Connecticut 06492"
The petitioner's motion was heard and denied on May 26, 1982, whereupon this *Page 845 
petition for a writ of mandamus was filed in this Court which ordered the respondents (which include not only Judge Huey but also the Regional Medical Board and the Deeses) to answer the petition. The Medical Board has joined with Dr. Smith's position on appeal.
In brief and in oral argument the petitioner asserts that the cases of Ex parte Parker, 413 So.2d 1105 (Ala. 1982), and Exparte Wilson, 408 So.2d 94 (Ala. 1981), control the issue and reveal the soundness of the position that venue must be determined at the time the case is filed. Petitioner insists that the significance of fictitious parties has been confined to questions which concern the application of statutes of limitation, and not venue, citing Hinton v. Hobbs, 349 So.2d 28
(Ala. 1977). With respect for the petitioner's able counsel, we are not persuaded that these cases control the issue. Hobbs
dealt with a situation in which a plaintiff knew the identity of fictitious parties at the time he filed his action, but did not know that a cause of action existed against them. He was not allowed the benefit of Rule 9 (h), Alabama Rules of Civil Procedure. Ex parte Wilson did not involve an amendment to identify a fictitious party who was sued initially, but dealt with an amendment which added a new party in order to cure what was otherwise improper venue. It was for that reason that we observed in that case that "if venue is not appropriate when suit is filed, the case `shall' be transferred." Ex parteParker likewise did not involve substitution for fictitious parties but the addition of a new defendant. And cf. Minton v.Whisenant, 402 So.2d 971 (Ala. 1981).
Petitioner conceded during oral argument before this Court that venue would have been proper in this case had Corometrics been present as a party when the action was initiated, because Corometrics, a foreign corporation, was qualified to do business in Jefferson County and was doing so. Ingram v. OmeletShoppe, Inc., 388 So.2d 190 (Ala. 1980). Moreover, Corometrics was specifically identified in the amendment as fictitious party "16" previously identified in the complaint. When this is understood, it follows that the amendment only changed the means by which this same party was known, and neither added nor changed a party. Thus, Rule 15 (c) was applicable to this amendment:
 "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. . . . An amendment pursuant to Rule 9 (h), Fictitious parties, is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading."
Petitioner would have us do away with substitution of parties by interpreting the rules in a way which would require that venue be decided at the time of the initial filing of the complaint. Indeed, the petitioner asserts in his brief that, based on the amendments to Rule 82:
 "These amendments do not touch upon a situation where venue is based upon the presence of a fictitious defendant. Neither plaintiffs nor Rule 82 answer a number of questions which would be raised if fictitious defendants can be considered for venue purposes:
 "1. How soon must plaintiff substitute a real party for the fictitious defendant?
 "2. What if no party was ever substituted for the fictitious party?
 "3. What would prevent all cases from being filed in Jefferson County simply by alleging that venue was proper in that county as to a fictitious defendant?"
While these fears may not be unreasonable in the abstract, nevertheless these arguments would have been more appropriate at the time Rules 9 (h) and 15 (c) were promulgated and adopted. Clearly under the rules as expressed substitution of fictitious parties against whom a claim is asserted relates back to the date of the original pleading. *Page 846 
For these reasons the order of the respondent trial court was correct. Accordingly, the petition for the writ of mandamus must be, and is, denied.
WRIT DENIED.
TORBERT, C.J., and MADDOX, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
FAULKNER, J., not sitting.