MADDOX, Justice.
The petitioner seeks issuance of a writ of mandamus directing the trial court to vacate its order reinstating an action against petitioner “... because the order of the court below of September 17, 1979, was a final judgment and disposed of the lawsuit and jurisdiction of the court over the case was lost ... and all subsequent proceed *155 ings are a nullity.” Thus, the issue presented in this petition is whether there is any case pending in the circuit court of Jefferson County wherein Charles D. Beck is the plaintiff and Bobby Matthews is a defendant.
On July 25, 1979, Charles D. Beck filed suit in the circuit court of Jefferson County against Liberty Mutual Insurance Company (Liberty Mutual), and fictitious defendants “A” through “M.” The complaint alleged that Beck lost a finger in a press while working for Matthews Manufacturing Company. Liberty Mutual was Matthews Manufacturing Company’s workman’s compensation insurance carrier. Liberty Mutual filed a motion to dismiss on August 8, 1979. This motion was granted by the trial court on September 12, 1979, and on September 17, 1979, it entered the following order on the case action summary sheet: “The order dated 9/12/79, is amended to read as follows: ‘The foregoing motion to dism. is granted. This case is dismissed. All cost taxed against plaintiff.’ Jd. Huey.”
Beck’s counsel maintains that prior to the trial court’s ruling on the motion to dismiss, he and counsel for Liberty Mutual had agreed to defer seeking a ruling on the motion to dismiss filed on August 8, 1979, until this Court rendered a decision in a pending case which the parties believed would be determinative.[1] Counsel for Beck further maintains that neither plaintiff nor defendant Liberty Mutual had notice of the dismissal until October 1980, and that upon discovering that the case had been dismissed Beck, with Liberty Mutual’s consent, moved on October 9, 1980, to reinstate. The case action summary sheet does reflect that both parties proceeded with discovery apparently unaware that the case had been dismissed on September 17, 1979.
By consent of Beck and Liberty Mutual, a motion to reinstate the case was granted by the trial court on October 22, 1980. On October 30, 1980, Bobby Matthews, petitioner, was substituted for fictitious defendant “B.” Matthews answered on November 21, 1980, raising the statute of limitations issue only. Liberty Mutual, which had previously consented to have the case reinstated against it, moved for summary judgment on January 28, 1981, and the trial court granted summary judgment and entered an order pursuant to Rule 54(b), Ala.R.Civ.P., on February 18, 1981.
On March 26, 1981, Havir Manufacturing Company was substituted by Beck for fictitious party “F.” Havir is a Minnesota corporation not qualified to do business in Alabama. Although Beck alleges that he has attempted to obtain service of process on Havir, service has not yet been perfected. On September 17, 1982, Matthews moved to strike all orders entered by the court subsequent to the order which dismissed the case. Matthews, a resident of Marshall County, moved, alternatively, to transfer the case to Marshall County. Judge John N. Bryan, Jr. denied Matthews's motion to dismiss on February 17, 1983, but did transfer the case to Marshall County without holding a hearing. The case, however, was subsequently returned to Jefferson County. On May 18, 1983, Judge Bryan overruled Matthews’s earlier motion to dismiss. Consequently, on June 28, 1983, Matthews filed this petition for writ of mandamus against Judge Bryan and Beck, and requests this Court to consider whether or not there is any case pending in the Jefferson County circuit court with Charles D. Beck as plaintiff and Bobby Matthews as defendant, and if so, to require the trial court to permit Beck to perfect service on Havir Manufacturing Company within a reasonable time, and after that time, if service has not been perfected, to require Judge Bryan to transfer the case to Marshall County.
In his brief, petitioner asks: “Is there a case pending?” Citing Guilford v. Spartan Food Systems, Inc., 372 So.2d 7 (Ala. 1979), petitioner contends that by the stan *156 dard of either the majority or the minority view in Guilford, “the lawsuit was terminated on September 17 when the court adjudicated that ‘this case is dismissed.’ ” We agree.
Respondents, citing Ex parte Hartford Ins. Co., 394 So.2d 933 (Ala.1981), assert that the order of October 22, 1980, vacating the dismissal order of September 17, 1979, is valid under Rule 60(b)(6), Ala.R.Civ.P., because the trial court mistakenly dismissed the case without the knowledge of the parties. In Ex parte Hartford Ins. Co., the case was dismissed without the knowledge of the plaintiff but, upon plaintiff’s motion, was reinstated seven months later by the trial court. The defendants filed motions for the trial court to reconsider its reinstatement order, but these motions were denied following a hearing on the matter. The defendants then, following a dismissal of their appeals by this Court, filed petitions for writs of mandamus or in the alternative, writs of prohibition. These petitions were denied by this Court, thereby permitting the trial court’s reinstatement order to stand.
In Ex parte Hartford Ins. Co., the following reasons were given by the plaintiff to justify reinstatement of the case:
“(1) that the law dealing with workmen’s compensation and co-employee immunity was unsettled in this state; furthermore, that the same issue was pending before this Court in Johnson v. American Mutual [Liability] Ins. Co., 394 So.2d 1 (Ala.1980), and that the custom in the Jefferson County Circuit Court was to hold a case in abeyance until the pending issues had been resolved; (2) that the plaintiff could show activity in the prosecution of the case in recent months; and (3) that his counsel did not know of the dismissal of the case until he discovered a cost bill which had earlier been received by a member of his law firm, but which had inadvertently been overlooked.”
394 So.2d at 935.
The respondent here argues that the circumstances of the instant case are similar in many respects to those in Ex parte Hartford Ins. Co.) however, we conclude that the motion for reinstatement of this case after its dismissal on September 17, 1979, should not have been granted as to Matthews for the reasons we shall now enumerate. In Ex parte Hartford Ins. Co., the cause was reinstated as to Hartford, and this Court held that under Rule 60(b)(6) the trial court had the discretion to order reinstatement in that case. In Hartford, the plaintiff filed a contested “motion to reinstate,” which this Court held was properly treated as a Rule 60(b) motion. Here, reinstatement of the cause was pursuant to the consent of Liberty Mutual; therefore, Liberty Mutual did not raise the question which was raised by Hartford in that case. The specific question here is whether Liberty Mutual could consent to the setting aside of a final judgment and resurrection of the case against a fictitious defendant. The larger legal question is whether a party can have the court set aside a final judgment entered in favor of a defendant, whether a named defendant or a fictitious defendant, without following the procedure required by Rule 60(b), Ala.R. Civ.P.
Rule 60(b) is the appropriate procedure for a delayed attack upon a judgment. See Comments, Rule 60(b), Ala.R. Civ.P. The Court assumes that the trial court treated Beck’s motion for reinstatement, which was consented to by Liberty Mutual, as a Rule 60(b)(6) motion. Although the trial court may have considered Beck’s motion to reinstate the case as a motion to set aside its September 17, 1979, order dismissing the case insofar as Liberty Mutual was concerned, it cannot be construed as a Rule 60(b)(6) motion in order to reinstate the case as to the fictitious parties named in the complaint, and in whose favor a final judgment had been rendered. The fictitious parties, including Bobby Matthews and Havir Manufacturing Company, neither consented to the reinstatement nor were named in Beck’s motion to reinstate. Consequently, the trial court’s dismissal of the case with taxation of costs on Septem *157 ber 17, 1979, was a final judgment as to all parties, and there was no motion filed to set aside the final judgment entered as to those parties defendant other than Liberty Mutual; therefore, there was no action pending as to those parties substituted by Beck for the fictitiously named parties subsequent to reinstatement of the case as between Beck and Liberty Mutual. Under these circumstances, mandamus is the appropriate remedy, and we hereby grant the writ. See Ex parte Hartford Ins. Co., 394 So.2d 933 (Ala.1981).
WRIT GRANTED.
TORBERT, C.J., and JONES and SHORES, JJ., concur.
BEATTY, J., concurs in the result.

. Johnson v. American Mutual Liability Insurance Company, 394 So.2d 1 (Ala.1980). That case involved a certified question from the United States District Court for the Northern District of Alabama.