ON APPLICATION FOR REHEARING
The original opinion in this case is withdrawn and the following is substituted therefor:
The sole issue for our review in this case is whether plaintiff's amended complaint, which attempted to substitute Michael Cummings, M.D., for a fictitious party after the statute of limitations had run, relates back to the date of the filing of the original complaint by operation of Rule 9(h) and Rule 15(c), Alabama Rules of Civil Procedure.
Plaintiff, Horace Bowen, filed a complaint on April 29, 1985, in the Circuit Court of Cleburne County, against the following defendants:
 CLEBURNE HOSPITAL; A, the person, partnership, corporation, or other legal entity that owned and/or operated Cleburne Hospital on the occasion made the basis of this civil action; B, the person, partnership, corporation, or other legal entity that owned and/or operated that hospital which undertook to treat and care for Plaintiff on the occasion made the basis of this civil action; C, whether singular or plural, the physician or those physicians that undertook to treat and care for Plaintiff on the occasion made the basis of this civil action; all whose true or correct name or names is or are otherwise unknown to your Plaintiff at this time but will be added by amendment if and when ascertained. . . . *Page 618 
In the complaint, plaintiff alleged that on or about April 29, 1983, the defendants negligently treated him upon his arrival at Cleburne Hospital's emergency room. Cleburne Hospital was dismissed from the action on September 16, 1985, for reasons unrelated to this appeal. On October 21, 1985, plaintiff filed a motion to substitute Dr. Cummings for fictitious defendant "C," pursuant to Rule 9(h), A.R.Civ.P. In conjunction with this motion, plaintiff filed an amended complaint, which named Cummings as the physician who treated him on April 29, 1983. Cummings filed an answer, and later filed a motion to dismiss, which the trial court granted. Plaintiff appeals.
In order for plaintiff to succeed on appeal, we must hold that his substitution of Cummings pursuant to our fictitious party rule, Rule 9(h), A.R.Civ.P., relates back to the date of the filing of the original complaint, under Rule 15(c), A.R.Civ.P. Over the past several years, we have been presented with numerous cases dealing with the relation back of amendments that would otherwise be time-barred by the applicable statutes of limitations. In these cases, we have consistently followed the rule that
 a plaintiff, in order to invoke the relation back principles of Rules 9(h) and 15(c), must meet the following criteria: 1) Plaintiff must state a cause of action against the fictitious party in the body of the original complaint; and 2) plaintiff must be ignorant of the identity of the fictitious party, in the sense of having no knowledge at the time of the filing that the later named party was in fact the party intended to be sued.
Columbia Eng'g Intl, Ltd. v. Espey, 429 So.2d 955, 958-59 (Ala. 1983).
We are of the opinion that, applying the above-stated rule to the facts of this case, the trial court's judgment dismissing the amended complaint was correct.
First, as this Court stated in Threadgill v. Birmingham Bd.of Ed., 407 So.2d 129 (Ala. 1981):
 [T]he fictitious party provision of Rule 9(h), A.R.C.P., is intended to operate principally in the area of emergency cases where neither the name nor the identity of the defendant is known, as where the cause of action is known but the party liable is not, and there is urgent need to get service of process upon the party against whom the plaintiff has an action, or there is need for immediate seizure of property.
407 So.2d at 132. Fictitious party practice should not be abused, and it was not intended for use whenever it is merely inconvenient for the plaintiff to learn the name of the true defendant.
 Rule 9(h) is not intended to give plaintiffs additional time beyond the statutorily prescribed period within which to formulate causes of action. Instead, the principal reason for the rule is to toll the statute of limitations in emergency cases where plaintiff knows he has been injured and has a cause of action against some person or entity, but has been unable to ascertain through due diligence the name of that responsible person or entity. Browning v. City of Gadsden, 359 So.2d 361 (Ala. 1978).
Columbia Eng'g Int'l, Ltd., 429 So.2d at 959. (Emphasis added.)
It is clear from the record that the only effort plaintiff made to get the hospital records came four months before the suit was filed, and this effort was unsuccessful. Likewise, the record is clear that plaintiff's attorney never attempted to discover the medical records, although he had written authorization from the plaintiff to do so. Rule 9(h) was not meant to allow a party to sit back for almost two years and make only one attempt at learning the defendant's name, and then, failing, simply to list fictitious defendants. This would work a substantial injustice to the defendant and would violate the purpose behind our discovery statutes and our statutes of limitations.
Plaintiff not having complied with the spirit or letter of Rule 9(h) and Rule 15(c), A.R.Civ.P., his complaint against Cummings was properly dismissed. Therefore, the judgment of the trial court is affirmed. *Page 619 
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.