ADAMS, Justice
(dissenting).
I disagree with the conclusion reached by the majority. I do not believe that Ex parte Matthews, 447 So.2d 154 (Ala.1984), controls the decision in this case, and I am also of the opinion that there are additional issues that must be addressed. Therefore, I must dissent.
On April 16, 1981, the only named defendant in this lawsuit was Courtaulds. On that date, Courtaulds made the following motion for summary judgment:
Defendant, Courtaulds North America Inc., moves the Court to enter, pursuant *304 to Rule 56 of the Alabama Rules of Civil Procedure, a summary judgment dismissing the action on the grounds that there is no genuine issue as to any material fact and that the Defendant is entitled to a judgment as a matter of law.
On May 5, 1981, Judge Hocklander entered the following order:
Motion for Summary Judgment granted. Cause dismissed, costs taxed to Plaintiff.
The primary question is whether Judge Hocklander’s order of May 5, 1981, constituted a judgment as to both Courtaulds and the fictitiously named parties in the lawsuit, or whether the judge’s order simply constituted a summary judgment in favor of the moving party — Courtaulds. The answer to this question is grounded in Judge Hocklander’s intent. See A.R.Civ.P. 58(b).
If Judge Hocklander had intended to grant summary judgment in favor of Cour-taulds and had also intended to dismiss the action against the fictitiously named parties sua sponte, I would conclude that we should affirm Judge Byrd’s ruling. On the other hand, if Judge Hocklander did not intend to dismiss the fictitiously named parties when he granted Courtaulds’s motion for summary judgment, then a quite different analysis of this case must be made.
Under the latter scenario, the first consideration would have to be whether Judge Hocklander could permit a plaintiff to maintain a cause of action solely against fictitiously named defendants after all the named parties had been dismissed. In the past, that question has been answered only indirectly by this Court. However, at least one recent decision was premised on the assumption that a plaintiff can maintain a lawsuit only against fictitiously named defendants. See Bowen v. Cummings, 517 So.2d 617 (Ala.1987). Nevertheless, this Court has never expressly stated its position with regard to that question.
If we determine that a lawsuit cannot be maintained against fictitiously named defendants after all the named parties have been dismissed, then Judge Hocklander’s intent is irrelevant. But, assuming this Court had determined that it was permissible to maintain a lawsuit under these facts, then this Court would have had to address the issue of whether Judge Byrd properly granted Foxboro’s motion to dismiss on the ground that Toomey’s motion to amend the pleadings and “add” Foxboro as a defendant was barred by the statute of limitations. Because I do not believe that Judge Hocklander intended to dismiss the entire case, I will address the issues regarding fictitious party practice and the timeliness of the motion to amend.
I.
Unlike the federal rule regarding entry of judgments, see F.R.Civ.P. 58(b), the Alabama Rules of Civil Procedure do not require “unnecessary technicalities” in judgments, orders, or decrees. See Committee Comments, A.R.Civ.P. 58(b). Rather, Rule 58(b) states:
The judgment or order, or the minute entry thereof, will be sufficient if it is signed or initialed by the judge and indicates an intention to adjudicate, considering the whole record, and if it indicates the substance of the adjudication.
A.R.Civ.P. 58(b). Therefore, unlike its federal counterpart, which mentions nothing about the judge’s intent, A.R.Civ.P. 58(b) clearly recognizes the judge’s intentions as controlling over the form of the order or judgment.
In retrospect, regardless of the language in his order, it seems clear to me that Judge Hocklander did not intend to dispose of the entire case when he granted Cour-taulds’s motion for summary judgment. Discovery continued[1] between the time he granted the summary judgment and the time of the proposed amendment adding Foxboro as a defendant. Also, after he permitted Toomey’s amendment, he continued to allow discovery.
*305 Additional evidence of his intent is the fact that Judge Hocklander permitted Too-mey to amend the complaint and add (or “substitute”) Foxboro as a defendant. If he had dismissed the case entirely, it would not still have been on his docket, nor would he have permitted the amendment without some action to reinstate the case. Finally, on November 6, 1981, Judge Hocklander denied Foxboro’s motion to dismiss the case against it on the grounds that the statute of limitations had expired. None of this would have occurred if the judge had intended to dispose of the entire case in his May 5, 1981, order.
It is true that this analysis of the judge’s intent is in retrospect. We are privy to information that was not available at the moment the order was made. However, because of the somewhat liberal nature of our rule regarding entry of judgments, see A.R.Civ.P. 58(b), the precise language of the order cannot be relied upon. We must also consider the facts surrounding the order. For instance, the motion before the court was for a summary judgment. Cour-taulds was the moving party and its motion stated: “Defendant, Courtaulds ... moves ... and ... Defendant is entitled to a judgment as a matter of law.” In making its motion, Courtaulds did not use the plural “defendants,” nor did it indicate in any other manner that this motion was on behalf of the fictitiously named parties. Because it is generally not presumed (when two or more named parties are sued) that a ruling on a motion for summary judgment by one party necessarily adjudicates the rights of co-parties, it should not be presumed that Courtaulds’s motion had any effect on the fictitiously named defendants.
Finally, after the order was entered, neither the judge, Toomey, nor Courtaulds acted as if the entire action had been dismissed. Although the conduct of the parties has no impact on the judge’s order, the conduct of the parties and the judge is evidence that everyone concerned understood that the judge’s order did not dismiss the entire action.
Based on these surrounding circumstances, it would appear that there were sufficient facts at the time immediately prior to and following the order to indicate the judge’s intent. For these reasons, I can find no basis for concluding that Judge Hocklander intended to dismiss Toomey’s cause of action against the fictitiously named defendants.
The majority relies on the authority of Matthews, supra, to hold that the language “Cause dismissed, costs taxed to Plaintiff,” constituted a final judgment dismissing the entire action. For several reasons, I do not believe that Matthews is proper authority for the disposition of the instant case.
The majority opinion states:
The decision in Matthews is dispositive of this appeal. On May 5, 1981, Judge Hocklander dismissed the action with the notation “Cause dismissed, costs taxed to Plaintiff.” This was, in both form and substance, a final judgment as to all the parties.
Perhaps the majority sees something magical in the words “Cause dismissed, costs taxed to Plaintiff,” because it is that language that allegedly makes the order final as to “all parties.” I disagree. Although that language may indicate the finality of an order involving the moving party, I do not believe that the use of these particular words has some power, on its own, to adjudicate claims against all remaining co-parties. In other words, that language has nothing to do with whether the judge intended to enter a final judgment only as to the moving party, or intended to dismiss the entire case sua sponte.
Furthermore, as to the language taxing costs, Rule 58(c) states that failure to tax costs does not affect the finality of an order. It follows that that language would not make an otherwise non-final order, final.
If this Court were to hold that the use of the technical language taxing costs and stating “cause dismissed,” automatically means that all parties’ rights are being adjudicated, then we would be going back to the “unnecessary technicalities” we tried to avoid by adopting A.R.Civ.P. 58(b).
Finally, although it may be true that the trial judge in Matthews did intend to dis *306 miss the entire case when he granted the defendant’s motion to dismiss, the facts surrounding that case are distinguishable from those of the instant case. First, the defendant’s motion in Matthews was one to dismiss the case, not for a summary judgment. Second, although Matthews involved a peculiar fact situation,[2] after the parties became aware that the judge had granted the motion to dismiss, the parties proceeded on the assumption that both the named and the fictitiously named defendants had been dismissed. The intent of the judge, and the parties’ understanding of the judge’s intent, are evidenced by the fact that the parties “consented” to having the case reinstated. If they had presumed that the order dismissed only the named party, then there would have been no need to consent to “reinstate” the case. Finally —and this factor underlies the primary issue in this case — the reason that the defendant consented to reinstate the case was not so that it could be sued; rather, it was to bring the fictitiously named defendants back into the lawsuit.[3]
The primary holding of Matthews was that one party cannot consent to have a case reinstated against it so as to bring back in co-parties who had also been dismissed (in that case the co-parties were fictitiously named.) Matthews, 447 So.2d at 156. The other question answered in Matthews, was whether a court could set aside a judgment against a named or fictitious defendant when the moving party failed to comply with A.R.Civ.P. 60(b)(6). Neither of these questions is relevant to the disposition of the instant case. Therefore, although the Matthews court did, indirectly, have to determine the intent of the trial judge’s final order, I do not think the decision in Matthews has any bearing on the case before us now.
For the foregoing reasons, I would not rely on the “authority” of Matthews.
II.
Having decided that Judge Hocklander did not intend to dismiss the fictitiously named parties, I think the next issue that should be addressed is whether a cause of action can be maintained solely against fictitiously named parties after all the named parties have been dismissed.[4]
The Alabama rule regarding fictitious parties states:
When a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.
A.R.Civ.P. 9(h). There is nothing expressly stated in the Alabama Rules of Civil Procedure regarding whether a cause of action can be maintained solely against a fictitiously named defendant after all the named parties have been dismissed. Arguably, it is permitted because it is not specifically precluded by the rules. Furthermore, given the stated purpose of Rule 9(h), it would be entirely consistent with the intent of the rule to permit a plaintiff to maintain the cause of action after the named parties have been dismissed. But, more importantly, in a recent decision of this Court we, in effect, addressed this question. Bowen, 517 So.2d 617.
In Bowen, the plaintiff filed a complaint naming one defendant and several fictitious defendants. The only named defendant moved to dismiss, and the court granted the motion, stating: “[Sjaid motion [to dismiss] is hereby GRANTED.” Subsequent to that dismissal, the plaintiff moved *307 to amend the complaint pursuant to Rule 9(h) and to substitute the true identity of one of the fictitiously named defendants. Even though the only named party had been dismissed from the lawsuit, the trial court permitted the amendment and allowed it to relate back to the original complaint pursuant to Rule 15(c). The issue on appeal was not whether the cause of action was or could have been maintained after the only named party was dismissed (that was simply presumed to be proper); rather, the issue was whether the plaintiff used due diligence in learning the true identity of the fictitiously named defendant. Thus, this Court has indicated that it is proper for a plaintiff to maintain a cause of action solely against a fictitiously named party after all named parties have been dismissed.
Although such a system could be badly abused by plaintiffs unless there are adequate controls within the power of the courts and the parties, I believe that the rules contemplate a cause of action solely against a fictitiously named defendant, and also that there are adequate controls within the current structure of the rules and case law.
The purpose of the rule is, in effect, to counteract the relatively short statute of limitations for tort, negligence, and wrongful death claims in this State. The rule applies when a plaintiff knows he has been injured by someone and the plaintiff can describe that person or entity (i.e., “the manufacturer of the valves that injured the plaintiff”), but the plaintiff is ignorant of the specific name of the person or entity. It is an emergency action that allows the plaintiff to hold a spot for the unidentified party with a fictitious name. The only additional requirement is that the plaintiff state the cause of action against the fictitiously named defendants within the body of the complaint. Columbia Eng’g Int’l, Ltd. v. Espey, 429 So.2d 955, 958-59 (Ala.1983). If the plaintiff diligently pursues the identity and substitutes the name of the fictitiously named defendant, see Rule 9(h) and Bowen, supra, then the plaintiff can substitute the newly discovered name for the fictitiously named defendant. Because the fictitious name serves as a placeholder for the party, A.R.Civ.P. 15(c) allows the substituted name to relate back to the date of the original complaint. In that way, the plaintiff effectively tolls the statute of limitations.
Nonetheless, Rule 9(h) is not intended to toll the statute of limitations indefinitely; nor is it meant to aid lazy plaintiffs. In fact, Rule 9(h), requires due diligence in substituting the newly identified defendant after the name is discovered. See A.R. Civ.P. 9(h); Peek v. Merit Machinery Co., 456 So.2d 1086, 1091 (Ala.1984). Furthermore, this Court recently interpreted 9(h) as requiring “due diligence” in finding the name of the fictitiously named party. See Bowen, supra. In that case we held:
Fictitious party practice should not be abused, and it was not intended for use whenever it is merely inconvenient for the plaintiff to learn the name of the true defendant.
Rule 9(h) is not intended to give plaintiffs additional time beyond the statutorily prescribed period within which to formulate causes of action. Instead, the principal reason for the rule is to toll the statute of limitations in emergency cases where plaintiff knows he has been injured and has a cause of action against some person or entity, but has been unable to ascertain through due diligence the name of that responsible person or entity. Browning v. City of Gadsden, 359 So.2d 361 (Ala.1978).
Columbia Eng’g Int’l, Ltd., 429 So.2d at 959. (Emphasis added [in Bowen}.)
It is clear from the record that the only effort plaintiff made to get the hospital records came four months before the suit was filed, and this effort was unsuccessful. Likewise, the record is clear that plaintiff’s attorney never attempted to discover the medical records, although he had written authorization from the plaintiff to do so. Rule 9(h) was not meant to allow a party to sit back for almost two years and make only one attempt at learning the defendant’s name, and then, failing, simply to list fictitiuos defend *308 ants. This would work a substantial injustice to the defendant and would violate the purpose behind our discovery statutes and our statutes of limitations.
Bowen, 517 So.2d at 618.
Clearly, Rule 9(h) does not toll the statute of limitations indefinitely. The key considerations are whether the plaintiff has exerted “due diligence” and has discovered and substituted the true identity “within a reasonable time.” See Bowen, supra; Peek, supra. A court must balance the purpose of Rule 9(h) with the possible prejudice to the fictitiously named defendant. Thus, if a plaintiff does not use due diligence, or, even if a plaintiff uses due diligence, but the true identity is not discovered within a reasonable time, then a court should not permit an amendment under Rule 9(h) to relate back under Rule 15(c) to the filing of the original complaint.
Finally, it is conceivable that a case with only fictitiously named defendants could remain on the docket for an unreasonable time because there would be no named party forcing some action in the lawsuit. However, in that situation the trial court has the authority and duty to dismiss the case sua sponte for lack of discovery or activity in the case. If that is done by a final judgment, then an unhappy plaintiff could appeal that ruling. On the other hand, if the court does not dismiss a case sua sponte and the true identity is discovered and the party is substituted, and the substitution is permitted to relate back, the newly identified party could petition the court to dismiss the case. Grounds for that motion would include the plaintiffs lack of due diligence in learning the true identity, or lack of diligence in substituting the true party after its identity was discovered; and finally, that an unreasonable amount of time had passed and that the newly identified party had been prejudiced by the delay. Again, the trial court has the discretion to determine whether to dismiss the newly identified party, and if the case if dismissed, an appeal is the proper remedy-
Although additional rules would certainly be helpful in this regard, I believe that there are adequate remedies within the present structure of the rules to protect both plaintiffs and fictitiously named defendants and to properly balance the purpose of fictitious party practice with the possible prejudice to the defendant.
III.
The final issue would be dispositive on appeal: Did Judge Byrd err in denying Toomey’s motion to amend the complaint and “add” Foxboro as a defendant pursuant to “Rule 15(a)” on the ground that the amendment did not relate back to the original complaint?
Toomey made several mistakes in her motion to amend. The amendment was styled pursuant to Rule 15(a), rather than Rule 15(c). Furthermore, the language in the amendment stated that Toomey was seeking to “add” Foxboro as a defendant, rather than to substitute Foxboro for the appropriate fictitiously named defendant. Finally, Rule 9(h) was not cited as authority for the motion.
The cause of action in this case accrued on February 2, 1979. The original complaint was filed on January 29, 1981. Too-mey moved to amend the complaint on August 19, 1981. Because the statute of limitations allowed only two years, Ala.Code 1975, § 6-2-38(a), unless the amendment relates back pursuant to Rule 15(c) the amendment would be untimely.
Once again, we must determine which is more important: form or substance. Fox-boro argues that Toomey failed to comply with the requirements of Rule 9(h), because Toomey “added” Foxboro as a defendant rather than “substituted” it. Toomey argues that her intent was to substitute Fox-boro. Evidence of that intent is the fact that the complaint sought to “add” Fox-boro as a defendant in the causes of action numbered two through seven, which were the only causes of action that made allegations against a fictitious party.
The other consideration under these circumstances is whether permitting the amendment would prejudice Foxboro’s rights. I see no prejudice to Foxboro. If Foxboro had argued that the motion was *309 improper at the time it was filed, the court would have permitted Toomey to amend his motion to conform to his intent. Furthermore, the complaint described the fictitiously named party as the manufacturer and supplier of the equipment and valves that caused Ms. Murphy’s death. Foxboro was the manufacturer and supplier Toomey so described. Finally, given that the amendment was made approximately six months after the statute of limitations had expired, it was unlikely that Foxboro had suffered any prejudice simply by the passage of time.
For the foregoing reasons, I would conclude that in the debate of form or substance, substance prevails. Toomey’s motion to amend the complaint styled pursuant to Rule 15(a) should be treated as a motion to substitute Foxboro for the fictitiously named defendant described as the manufacturer and supplier of the valves and equipment that caused Ms. Murphy’s death. I would reverse Judge Byrd’s order dismissing the lawsuit on the ground that the statute of limitations had expired.
JONES and BEATTY, JJ., concur.

. On June 4, 1981, añer the summary judgment had been granted, Toomey filed a "Notice of taking deposition of [Courtaulds]” and a "Civil Subpoena for Production” addressed to Cour-taulds. On June 24, 1981, the court served a civil subpoena on Courtaulds.

.The defendant moved to dismiss, but before a ruling on the motion was made, the parties agreed between themselves to defer a ruling until a certified question was answered. The court, nevertheless, ruled to dismiss the case, but because neither party was aware of that fact, discovery continued.

. This was evidenced by the named defendant’s subsequent motion for summary judgment, which came soon after the plaintiff substituted the true identity of one of the fictitiously named defendants.

. This does not presume to answer the question as to whether a lawsuit can initially be brought in which there is no named party.