Dr. Stephen J. Klemawesch petitions this Court for a writ of mandamus instructing the trial court to rescind its order denying his motion to quash service or, in the alternative, to dismiss, and instructing the court to enter an order granting the motion.
On September 2, 1983, Joyce Marie Daniels was treated in the emergency room of Cooper Green Hospital in Birmingham. She was diagnosed by Dr. Adam Robertson as suffering from gastroenteritis and she was discharged with medication. She returned in a deteriorated condition on September 3, 1983. Further tests and evaluation produced the diagnosis of sepsis, and treatment was administered accordingly. Joyce Daniels died on September 4, 1983, at Cooper Green Hospital. An autopsy revealed the cause of her death to have been appendicitis with rupture and subsequent peritonitis. Dr. Les Gavora was the designated physician on her death certificate. Dr. Elihu York and Dr. Gavora were the designated physicians on her discharge summary.
On June 24, 1985, after obtaining medical records from Cooper Green Hospital, Glenda Daniels (Joyce Marie Daniels's daughter), as administratrix of the estate of Joyce Marie Daniels, sued Cooper Green Hospital, Dr. Robertson, Dr. York, Dr. Gavora, Jefferson Clinic, P.C., and certain fictitiously named defendants. In her complaint, Glenda Daniels alleged negligence, wantonness, and breach of duty and sought to recover damages pursuant to the Alabama Medical Liability Act, plus costs. Cooper Green Hospital, Dr. York, and Dr. Gavora filed motions for summary judgment, which were granted. After initiating limited discovery in October 1987, Glenda Daniels filed an amendment to her original complaint on January 31, 1989, substituting Dr. Klemawesch as the attending physician at the time of her mother's treatment and death in lieu of fictitiously named defendant "G." In response, Dr. Klemawesch filed a motion to quash service or, in the alternative, to dismiss. Therein, Dr. Klemawesch asserted that due to Glenda Daniels's failure to exercise due diligence in identifying and adding him as a party to this suit, the statutory period of limitations had run as to any and all claims against him; that Klemawesch was not a true fictitious party; and that Glenda Daniels did not properly plead her complaint under Rule 9(h), A.R.Civ.P. The trial court denied the motion. Dr. Klemawesch petitions this Court for a writ of mandamus ordering the trial court to set aside its denial and then to grant the motion.
Rules 9(h) and 15(c), A.R.Civ.P., govern the relation back principles regarding substitution of an identified party for a fictitiously designated party after the statutory period of limitations as to the claims against that party has run. This Court has rendered several decisions interpreting and *Page 64 
applying these rules. In Kinard v. C.A. Kelly Co.,468 So.2d 133 (Ala. 1985), this Court stated:
 "After the statute of limitations has run for purposes of adding new defendants, a plaintiff may substitute a named defendant for a fictitious one if Rule 9(h) has been complied with. Although the express language of the statute does not require the plaintiff to substitute the named defendant for the fictitious party within a reasonable time after determining the defendant's true identity, this Court has imposed such a duty. Clearly, the policy reasons for having a statute of limitations militate in favor of such a result. The diligent plaintiff who is truly ignorant of the defendant's identity at the time of filing the original complaint is not penalized. The recalcitrant plaintiff cannot, however, use the rule to gain what might otherwise amount to an open-ended statute of limitations. We opine that the same policy considerations which require a plaintiff to amend his complaint within a reasonable time after learning the defendant's true identity also require the plaintiff to proceed in a reasonably diligent manner in determining the true identity of the defendant."
468 So.2d at 135 (citation omitted). In that case, this Court determined that the plaintiff's delay of 28 months in initiating discovery to determine the defendants' identities was unreasonable and she was not allowed to substitute them for the defendants named fictitiously in the complaint.
This Court, in addressing this same issue in Bowen v.Cummings, 517 So.2d 617 (Ala. 1987), stated:
 "Over the past several years, we have been presented with numerous cases dealing with the relation back of amendments that would otherwise be time-barred by the applicable statutes of limitations. In these cases, we have consistently followed the rule that
 " 'a plaintiff, in order to invoke the relation back principles of Rules 9(h) and 15(c), must meet the following criteria: 1) Plaintiff must state a cause of action against the fictitious party in the body of the original complaint; and 2) plaintiff must be ignorant of the identity of the fictitious party, in the sense of having no knowledge at the time of the filing that the later named party was in fact the party intended to be sued.' "
517 So.2d at 618 (quoting Columbia Eng'g Int'l, Ltd. v. Espey,429 So.2d 955, 958-59 (Ala. 1983). In applying this rule to the facts of that case, this Court determined that by making only one abortive attempt at learning the fictitiously named defendant's identity prior to filing suit, failing to initiate any discovery at all in regard to the plaintiff's medical records after filing suit, and then waiting almost two years after filing suit to amend his complaint to substitute an actual individual for the fictitiously named defendant, the plaintiff had failed to comply with either "the spirit or the letter of Rule 9(h) and Rule 15(c), A.R.Civ.P." Bowen,517 So.2d at 618.
In light of our decisions in Kinard and Bowen, we find that Glenda Daniels did not proceed in a reasonably diligent manner in order to ascertain the identity of the attending physician in the instant case. As of the date of this petition, she has failed to file a single interrogatory in this case. She failed to initiate any other discovery until October 28, 1987, 27 months after filing this lawsuit. She claims that she did not act unreasonably with respect to substituting Dr. Klemawesch in lieu of fictitiously named defendant "G" because, she says, she was unaware of any question as to the identity of the attending physician at the time of her mother's treatment and death until the deposition of Dr. Gavora on August 22, 1988. She further claims that she was unable to discover the actual attending physician's name until the deposition of Dr. York on November 30, 1988. We do not agree. Glenda Daniels had been on notice of an unidentified signature below a progress note contained within medical records obtained from Cooper Green Hospital prior to her filing suit in June 1985. This signature was ultimately discovered to be that of Dr. Klemawesch. She was on further notice as to the questionable identity of the attending physician as early as *Page 65 
December 19, 1986, the date of Dr. York's motion for summary judgment. In an affidavit signed by Dr. York and accompanying his motion, Dr. York unequivocally stated that he was not on duty at the time of Joyce Marie Daniel's treatment and death. Based upon these facts, the plaintiff's claim that she was unaware until August 1988 of any question as to the identity of the attending physician at the time of her mother's death is unfounded.
Because we find Glenda Daniels's actions to be unreasonable and hold that Dr. Klemawesch should not be substituted in lieu of fictitiously named defendant "G," we need not address the issues of whether Dr. Klemawesch was a true fictitious party or whether Glenda Daniels's complaint was properly pleaded against the fictitious defendants. Due to the foregoing, we hereby order the trial court to set aside its order denying Dr. Klemawesch's motion to quash service or, in the alternative, to dismiss, and to enter an order granting the motion.
WRIT GRANTED.
HORNSBY, C.J., and MADDOX, ALMON and ADAMS, JJ., concur.