HOUSTON, Justice.
The defendant, FMC Corporation (“FMC”), has petitioned this Court for a writ of mandamus directing the Honorable Bradley E. Byrne, judge of the Escambia County Circuit Court, to set aside his order denying its motion for a summary judgment, in this action seeking to recover damages for the alleged wrongful death of Garry Spence. The writ is denied.
Garry Spence was electrocuted when the crane that he was operating came in contact with a high-voltage power line. The complaint in this case, which was filed within two yeárs of Spence’s death, as required by Ala.Code 1975, § 6-5-410(d), stated a cause of action against one named defendant and nine fictitiously named defendants. The plaintiffs alleged in their complaint that they were ignorant of the true identities of the fictitiously named defendants. The plaintiffs amended their complaint more than two years after Spence’s death, substituting FMC for one of the fictitiously named defendants. The issue before us is whether under Rules 9(h) and 15(c), A.R.Civ.P., the filing of the complaint within two years of Spence’s death and the subsequent substitution of FMC for one of the fictitiously named defendants in the complaint precluded the two-year time limitation set out in § 6 — 5—410(d) from barring the plaintiffs’ action.
An action is deemed to be filed against a fictitiously named defendant, and a subsequent amendment substituting the correct name of that fictitiously named defendant is deemed to relate back to the date that the complaint was filed, if the plaintiff stated a cause of action against the fictitiously named defendant in the body of the complaint and if the plaintiff was ignorant of the identity of the fictitiously named defendant at the time of the filing. A plaintiff is ignorant of the identity of a fictitiously named defendant when, after exercising due diligence to ascertain the identity of the party intended to be sued, he lacks knowledge at the time of the filing of the complaint of facts indicating to him that the substituted party was the party intended to be sued. Likewise, to invoke the relation-back principle of Rule 15(c), a plaintiff, after filing suit, must proceed in a reasonably diligent manner to determine the true identity of a fictitiously named defendant and to amend his com *594 plaint accordingly. See Ex parte Klemawesch, 549 So.2d 62 (Ala.1989); Bowen v. Cummings, 517 So.2d 617 (Ala.1987); Kinard v. C.A. Kelly & Co., 468 So.2d 133 (Ala.1985). Citing Columbia Engineering International, Ltd. v. Espey, 429 So.2d 955 (Ala.1983), FMC argues that fictitious party practice under Rules 9(h) and 15(c) allows the running of a statutory period of limitations to be temporarily suspended with respect to a cause of action where the plaintiff knows that he has been injured and that he has a cause of action against some person or entity, but has been unable to ascertain through due diligence the name of that responsible person or entity. This argument is based on this Court’s statement in Espey that “the principal reason for [Rule 9(h) ] is to toll the statute of limitations in emergency cases.” 429 So.2d at 959. (Emphasis added.) Therefore, FMC maintains that § 6-5-410 is a statute of creation, i.e., a statute that creates a right of action with an express restriction on the time within which an action may be brought to enforce the right, and, therefore, that in a § 6-5-410 wrongful death action there is no applicable statute of limitations that is subject to being temporarily suspended, see Cofer v. Ensor, 473 So.2d 984 (Ala.1985); Woodward Iron Co. v. Craig, 256 Ala. 37, 53 So.2d 586 (1951); thus, it argues, fictitious party practice is not available in a wrongful death action filed pursuant to § 6-5-410. FMC argues in the alternative that if fictitious party practice is available in a wrongful death action filed pursuant to § 6-5-410, then the plaintiffs failed to exercise due diligence in identifying FMC as the party intended to be sued and, consequently, that the statute of limitations barred the plaintiffs’ action.
The plaintiffs do not dispute the fact that § 6-5-410 is a statute of creation and that the cause of action created by that statute is not subject to a statute of limitations, the running of which is capable of temporary suspension. They take the position that they filed their action against FMC within two years after Garry Spence’s death, by fictitiously designating FMC as the party intended to be sued; the characterization of § 6-5-410 as a statute of creation, the plaintiffs say, is immaterial as to whether the relation back principle of Rules 9(h) and 15(c) is applicable. The plaintiffs also contend that they exercised due diligence in identifying FMC as the party intended to be sued and, therefore, that FMC was not entitled to a judgment as a matter of law on that ground. We agree with both of the plaintiffs’ contentions.
It is well settled that the time limitation set out in § 6-5-410(d) is part of the substantive cause of action and that it is not subject to any provision intended to temporarily suspend the running of a limitations period. The two-year period is not a limitation against the remedy only, because after two years the cause of action expires. See Cofer v. Ensor, supra; Brown v. Mounger, 541 So.2d 463 (Ala.1989). Rule 9(h) provides, however, that “[w]hen a party is ignorant of the name of an opposing party and so alleges in his pleading, the opposing party may be designated by any name, and when his true name is discovered, the process and all pleadings ... in the action may be amended by substituting the true name.” Rule 15(c) states that “[an] amendment pursuant to Rule 9(h) ... is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading.” Thus, an amendment pursuant to Rule 15(c) only serves to correctly identify the fictitiously named defendant; it does not provide a means to add or change a party. See Ex parte Smith, 423 So.2d 844 (Ala.1982); Kinard v. C.A. Kelly & Co., supra. Therefore, Rules 9(h) and 15(c) do not combine to provide a mechanism whereby the running of any limitations period — whether the limitations provision is characterized as a statute of limitations or as part of a statute of creation — is temporarily suspended. Instead, these rules combine to provide a mechanism whereby a statute of limitations, or a time limitation provision such as the one found in § 6-5-410, can be satisfied in a case where the plaintiff has been unable through due diligence to identify by name the person or entity responsible for his injury. When this Court stat *595 ed in Espey that the purpose of Rule 9(h) is to “toll” the statute of limitations in emergency cases, it did not mean that the running of the statutory period would be temporarily suspended, only to recommence upon the happening of some future event. Therefore, it makes no difference that § 6-5-410 is a statute of creation. If the plaintiffs complied with the requirements of Rule 9(h), their action was timely filed within two years of Garry Spence’s death and the subsequent amendment correctly designating FMC as one of the fictitiously named defendants related back to the date on which the complaint was filed.
As to FMC’s contention that the plaintiffs failed to exercise due diligence in ascertaining its identity, we note, after carefully reviewing the record, specifically the affidavit of the attorney who filed this suit, that our standard for reviewing summary judgments constrains us from holding, as a matter of law, that the plaintiffs’ actions were dilatory. Although the record indicates that reasonable people could differ as to whether the plaintiffs proceeded in a reasonably diligent manner in identifying FMC, a writ of mandamus would be proper in this case only if undisputed evidence showed that the plaintiffs had failed to act with due diligence in identifying FMC as the party intended to be sued. See Ex parte Klemawesch, supra.
WRIT DENIED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ„ concur.