LYONS, Justice
(concurring in the result).
These petitions present difficult questions concerning the interplay between a portion of the Medical Liability Act of 1987, § 6-5-540 et seq., Ala.Code 1975 (“the Act”), specifically the portion relating to transfer for improper venue, based on events occurring after the commencement of a medical liability action (§ 6-5-546) and provisions of the Rules of Civil Procedure generally applicable to post-complaint changes giving rise to transfers for improper venue. Pursuant to Rule 81(a)(32), procedural matters specified by a statute that conflict with the rules are controlled by the statute. The question whether the procedures prescribed under the Act conflict with the rules and therefore dictate an inconsistent procedure are at the heart of this case. In close cases, such as this one, I would indulge in a presumption against inconsistency, on the ground that the public is best served by a rule that promotes the greatest uniformity.
In Ex parte Kennedy, 656 So.2d 365 (Ala.1995), this Court found the provisions of Rule 82(c) allowing for pendent venue (the rule that venue being good for one, it is good for all) to directly conflict with the Act. However, I do not find an analogous conflict in this ease between the rules and § 6-5-546. The statute provides:
“If at any time prior to the commencement of the trial of the action it is shown that the plaintiffs injuries or plaintiffs decedent’s death did not result from acts or omissions which took place in more than one county, on motion of any defendant the court shall transfer the action to such county wherein the alleged acts or omissions actually occurred.”
I would read the phrase “at any time” to refer to the time of the showing and not as a standard applicable to the timeliness of the required motion.
Fictitious parties can be dropped in two ways. Under Rule 4(f), fictitious parties are dropped when a plaintiff announces ready for trial against other defendants sued by their true names. Under Rule 21, “[pjarties may be dropped ... on motion of any party ... at any stage of the action and on such terms as are just.” In the instant case, the Howells were under an obligation to amend “at least 90 days before trial.” § 6-5-551, Ala.Code 1975. The statute is silent as to whether the deadline runs from the first trial setting.[11] Under the Act, a continuance of the action would give rise to the running of a new 90-day period for seeking leave to make amendments. In the instant case, as long as the *193 possibility of a continuance existed, there remained the opportunity for the Howells to amend the complaint to substitute parties sued by their true names for fictitious parties.
When the Howells sought leave to serve the fifth amended complaint, they tendered a pleading that continued to make allegations against fictitiously named Walker County health care providers. Under Rule 12(h)(1), the defense of improper venue is waived if it is omitted from a responsive pleading. I do not think that rule has any bearing on this present action, because the improper-venue defense was not available when the responsive pleadings were served, rather than because of a conflict with § 6-5-546, as the main opinion holds. Not until the oral argument on the motions for a transfer based on improper venue did the Howells dismiss the fictitious Walker County defendants. The clock began to run at that time on the Health Care Defendants’ right to move for a change of venue.[12]
Rule 82(d)(2)(C)(i) governs the timeliness of a motion to transfer an action based upon improper venue after a plaintiff voluntarily dismisses a party, and that rule specifies that the motion must be served within 30 days of the dismissal, unless the case is less than 30 days away from trial, in which event the motion must be made as soon as practicable. [13] Here, the Health Care Defendants’ motions were filed two weeks before the Howells dismissed the fictitious parties. The Health Care Defendants’ motions, therefore, were harmlessly premature.
The main opinion, after assuming the validity of the limitation of the phrase “at any time” to modify only the phrase “it is shown” and not the phrase “on motion of any defendant,” works through an imaginative and thorough series of hypothetical situations to develop inconsistencies between the timing provision of the statute and provisions of Rule 82(d)(2)(C)(i) not at issue. We are not dealing with the assertion of a motion to transfer made during trial, nor are we faced with a situation where fewer than all defendants seek a transfer, so conflicting provisions in Rule 82(d)(2)(C)(i) and the statute are not before us. Were they at issue, we would weigh the terms of the statute against the rule and make a determination consistent with both the statute and Rules 81 and 82. I am unwilling to back away from what the main opinion calls “the exercise of cutting and pasting both the timing sentence of § 6-5-546 and the provisions of the rules,” 721 So.2d at 191, when it is necessary in order to accomplish judicially that which is our authority and responsibility under Rule 81 and Rule 1.
I concur with the decision of the main opinion to issue the writ of mandamus, but I would not leave the text of the statute vulnerable to a construction that would allow a defendant to sit until the eve of trial on a venue defect created by § 6-5-546.
I also concur with Justice Houston’s suggestion in his special concurrence that the law of judgments should be modified in cases, such as this one, in which the plaintiffs are required to split their causes of action.
SHORES, KENNEDY, and COOK, JJ., concur.

. Compare Rule 15(a), allowing amendments without leave of court as long as they are made more than 42 days before the “first setting of the case for trial.”

. Rule 82(d)(4) states: "No defendant still designated as a fictitious party pursuant to Rule 9(h) 75 days after the filing of a motion to transfer shall be considered for the purpose of deciding the correct venue of the action.” When a defendant moves to transfer, the plaintiff must act within 75 days to amend the pleadings to substitute the true name of any defendant who remains designated as a fictitious party. I agree with the main opinion in the conclusion that this time limit does not impose a duty on a defendant to file a motion that might force the joinder of another defendant. But, as long as the defendant delays in filing such a motion, the plaintiff may still amend so as to substitute a party sued by its correct name for a fictitious party, and such an amendment would relate back for purposes of determining proper venue. Ex parte Smith, 423 So.2d 844 (Ala.1982).

. Although the waiver provision in Rule 12(h)(1) does not apply in this case, Rule 82(d) contains its own waiver provision. If the Health Care Defendants had not served their motion to transfer within 30 days of the Howells’ dismissal of the fictitious Walker County defendants, then their defense of improper venue would have been waived. Rule 82(d)(2)(C)(iii).