Jerald Jones was injured at his place of employment; he brought an action against parties alleged to have manufactured a blower fan that caused his injury. After the statutory period of limitations had run (see Ala. Code 1975, § 6-2-38(l)), Jones substituted Resorcon, Inc., for a fictitiously named party. The trial court entered a summary judgment for Resorcon, based on the statute of limitations. The issue is whether the substitution should be allowed to relate back to the date of the filing of the original complaint under Rule 15(c), Ala.R.Civ.P.; specifically, whether Jones exercised due diligence in attempting to learn the true identity of the manufacturer.
Jones was injured on July 1, 1988, while an employee at USX Corporation's plant. He stepped through a plastic grating on a blower fan, fell a considerable distance, and sustained multiple injuries. On May 21, 1990, Jones brought an action against Rust Engineering, Inc.,[1] and Baltimore Aircoil Company, Inc., alleging that they had either designed, manufactured, sold, or distributed the blower fan at the USX plant. Jones also listed 13 fictitiously named defendants, who represented the unknown manufacturers, distributors, insurers, and inspectors of the fan.
On July 3, 1990 (two days after the period of limitations had run), Baltimore Aircoil answered, stating that it was not the manufacturer of the fan described in the complaint. Baltimore Aircoil apparently filed a motion for a summary judgment on December 17, 1990, but that motion is not in the record before us. According to a brief later filed by another party, Baltimore Aircoil's motion for summary judgment stated that the fan was manufactured by a competitor of Baltimore Aircoil. That later-filed brief also stated: "According to the affidavit submitted along with the Motion for Summary Judgment by Baltimore Aircoil, there was an identification plate on the cooling tower itself identifying the manufacturer." Jones does not dispute these descriptions of Baltimore Aircoil's motion for summary judgment.
It appears that, some time before February 28, 1991, Jones personally went to the plant to discover the true manufacturer of the fan, read the name on the identification plate, and mistakenly thought the name "Resorcon, Inc." was "Resources, Inc." On February 28, 1991, Jones moved to add "Resources, Inc.," as a defendant, and the trial court granted that motion on April 2, 1991. The case action summary sheet reflects that, on June 5, 1991, a summons and a complaint were mailed, addressed to "Resources, Inc.," by certified mail. Those documents are not in the record, so we cannot tell when they were received. On July 15, 1991, a motion to dismiss or, in the alternative, for summary judgment was filed on behalf of "the defendant styled as 'RESOURCES, INC.,' " stating in part: *Page 372 
 "There is no such entity known as Resources, Inc. There is an entity known as Resorcon, Inc., who is providing a response to the amended complaint and who did do work at the USX plant where the plaintiff was injured. If it is plaintiff's intention to sue Resorcon, Inc., it should be properly designated."
The motion argued that the amendment adding "Resources, Inc.," as a defendant did not relate back under Rule 15(c) and therefore was barred by the statute of limitations. This July 15 motion was supported by the above-referenced brief.
On August 8, 1991, Jones filed a motion to substitute Resorcon, Inc., for certain fictitiously named defendants, stating that "It has been determined that the correct defendant is Resorcon, Inc." On the same day, Jones filed a brief in opposition to the motion filed on behalf of "Resources, Inc.," supported by the following affidavit by Jones's attorney:
 "[P]rior to June 21, 1991, I had no reason whatsoever to believe that Resorcon, Inc. had any possible involvement in the personal injury of Jerald Jones. Based upon the facts related to me by my client, Jerald Jones, and based upon my own investigation of the case, neither he nor I had knowledge of any facts which would cause us to suspect that Resorcon, Inc. was in any way responsible for his injuries until on or about June 21, 1991. During the discovery process, I learned from Bert Taylor, the attorney of record for Baltimore Aircoil, Inc., that Resorcon was the manufacturer of the blower fan that caused Jerald Jones' injury. After learning these facts, I notified Don DeCoudres that I would allow him to make an appearance in the case before making the motion to substitute Resorcon. After Don DeCoudres made his appearance, I filed a motion to substitute Resorcon, Inc. for the fictitious parties listed in the original complaint filed on May 21, 1990. Because I have been denied access to the Fairfield USX plant throughout these proceedings, I have never been able to personally investigate the accident scene. The USX representative I spoke to in regard to this claim informed me that because of 'safety reasons' I could not visit the accident scene within the USX plant. In light of their refusal to allow me access to their plant, USX said they would ascertain the manufacturer of the blower fan in question and give me that information. Based on information supplied by USX, I filed suit against Baltimore Aircoil. After service was returned on Baltimore Aircoil, I learned that USX had supplied me with inaccurate information regarding the manufacture [sic] of the blower fan which caused Jerald Jones' injury. The aforementioned facts were discovered by myself and my client for the first time on or about June 21, 1991, and I had no knowledge of any of these facts prior to that time. Based on my professional judgment as an attorney, it would have been frivolous for me to have filed an action against Resorcon, Inc., prior to obtaining knowledge of the foregoing facts, and such action would have exposed both me and my client to the possibility of countersuits for malicious prosecution."
The court granted the motion to substitute on August 22, 1991, but Jones did not actually file an amended complaint adding Resorcon as a defendant until September 17, 1991. Meanwhile, on August 27, 1991, the trial court entered a summary judgment for Baltimore Aircoil.
On September 30, 1991, Resorcon, Inc., filed a motion to dismiss, arguing that Jones had not exercised due diligence in attempting to substitute it for a fictitiously named defendant and that the amendment therefore should not relate back to the filing of the complaint. The trial court granted that motion on December 12, 1991.
Rules 9(h) and 15(c), Ala.R.Civ.P., allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted. Such a substitution is allowed to relate back to the date of the original complaint if the original complaint adequately described the fictitiously named defendant and stated a claim against such a defendant. In order for the substitution to relate back, the plaintiff must show that *Page 373 
he was ignorant of the true identity of the defendant and that he used due diligence in attempting to discover it. SeeMerritt v. Cosby, 578 So.2d 1242 (Ala. 1991); Miller v. NorwoodClinic, Inc., PC, 577 So.2d 860 (Ala. 1991); Bowen v. Cummings,517 So.2d 617 (Ala. 1987); Kinard v. C.A. Kelly Co.,468 So.2d 133 (Ala. 1985); and Browning v. City of Gadsden,359 So.2d 361 (Ala. 1978).
Resorcon argues that Jones did not exert a reasonable effort in discovering its true identity. Resorcon states in its brief: "It seems incomprehensible that a products liability suit would be filed against a manufacturer of an allegedly defective product without first-hand knowledge of the defect and the identity of the manufacturer." Resorcon asserts that Jones should not have depended on USX's identification of the manufacturer but should have insisted on inspecting the product and making a personal determination as to the manufacturer's identity. It argues further that, after Jones had notice that Baltimore Aircoil, the manufacturer named by USX, was not the manufacturer, Jones's efforts to discover the manufacturer and to substitute that party as a defendant did not meet the standard of due diligence.
The due diligence standard is articulated in Davis v. Mims,510 So.2d 227, 229 (Ala. 1987):
 "The correct test is whether the plaintiff knew, or should have known or was on notice, that the substituted defendants were in fact the parties described fictitiously."
Jones insists that he made a diligent effort to inspect the product, but that USX refused to allow him access to the plant. USX then volunteered the manufacturer's name and, according to Jones's brief, "until June 21, 1991, plaintiff had no reason to suspect this was not the proper party defendant." Jones contends that his acceptance of USX's identification was reasonable. On July 3, 1990, however, Baltimore Aircoil filed its answer stating that it was not the manufacturer of the fan. On this date, or certainly by the time of Baltimore Aircoil's summary judgment motion on December 17, 1990, Jones was on notice that Baltimore Aircoil was not the manufacturer of the fan. Jones himself apparently went to the plant before February 28, 1991, and mistakenly read the plate identifying Resorcon, Inc., as the manufacturer. His claim that, until June 21, 1991, he had no reason to suspect that Resorcon, Inc., was the manufacturer is therefore not supported by the record.
This Court in Bowen v. Cummings, 517 So.2d 617 (Ala. 1987), did not allow a substitution for a fictitiously named party to relate back, because the plaintiff's attorney never attempted to discover the true defendant's identity even after access to the pertinent information was made available. The Court held that the plaintiff failed to comply with the spirit of the relation-back doctrine, by failing to diligently pursue the defendant's identity. In Merritt v. Cosby, 578 So.2d 1242 (Ala. 1991), this Court allowed a substitution to relate back because, it said, "the record is devoid of any factual allegations that would demonstrate that . . . Merritt could have discovered [the information necessary to determine the defendant's identity]." 578 So.2d at 1244.
Jones bases much of his argument on the assertion that USX refused access to the fan and, to avoid a court-ordered inspection, named Baltimore Aircoil as the manufacturer. It is relevant to the question of due diligence that an inspection of the fan would almost certainly be necessary to maintain the product liability action against any defendant. If Jones's assertions that USX refused access are true, then due diligence would have required an attempt to obtain a court-ordered inspection. The injury occurred on July 1, 1988, and the complaint was filed on May 21, 1990. Jones himself was given access to the fan, apparently in January or February 1991, but there apparently was no effort, after USX's pre-complaint refusal of access, to gain access for an inspection by his attorney or any safety expert. These failures throughout 1990 (and earlier) to inspect the fan in regard to either its manufacturer or its safety features were made more critical by Baltimore Aircoil's answer on July 3, *Page 374 
1990, and especially by its motion for summary judgment filed in December 1990. When Jones did begin efforts in 1991 to determine the true manufacturer, his efforts were sporadic and ineffectual, and he did not amend to state a claim against the true manufacturer until September 17, 1991.
Therefore, the trial court correctly held that the amendment substituting Resorcon, Inc., does not relate back to the date of the original complaint and that the action against Resorcon is barred by the statute of limitations.
AFFIRMED.
SHORES, ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] The correct name for this defendant was later determined to be Rust Engineering Company. Rust Engineering was granted a summary judgment on March 6, 1991, and no issue is presented here as to that judgment. It appears that Rust Engineering did some work in the USX plant that may have included installing the fan.