James Eugene Fulmer was injured on July 4, 1990, while working within the line and scope of his employment with Reynolds Metals Company ("Reynolds"). Mr. Fulmer was injured when a platform that he was standing on, and which was being supported by a forklift manufactured by Clark Equipment Company, fell. He was taken to a hospital emergency room, but returned to work that same day. He continued to do light-duty work for approximately three weeks and then returned to his regular duties.
On June 29, 1992, within two years of the accident, Mr. Fulmer sued a co-employee, along with a fictitiously named defendant who was sued pursuant to Alabama's fictitious party practice. His wife joined his complaint, alleging loss of consortium. In April 1993, Clark Equipment was served with a summons and the complaint. On June 14, 1993, Mr. Fulmer attempted to amend his complaint to substitute Clark Equipment for a defendant fictitiously named in the complaint. Clark Equipment moved for a summary judgment, contending that it had not been added as a defendant until after the two-year limitations period had expired and that the amendment substituting it did not relate back to the date of the original complaint because, it contended, Mr. Fulmer had not exercised due diligence in learning its identity. The trial court agreed and entered a summary judgment for Clark Equipment.
The dispositive issue on appeal is whether the substitution of Clark Equipment should relate back to the date of the filing of the original complaint, under Rule 15(c), Ala.R.Civ.P. Specifically, did the evidence before the court on the summary judgment motion show that Mr. Fulmer had not used *Page 46 
due diligence in attempting to learn the true identity of the manufacturer of the forklift?
Rule 9(h) and Rule 15(c), Ala.R.Civ.P., allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted. Such a substitution is allowed to relate back to the date of the original complaint if the original complaint adequately described the fictitiously named defendant and stated a claim against such a defendant. In order for the substitution to relate back, the plaintiff must have been ignorant of the true identity of the defendant and must have used due diligence in attempting to discover it. Jones v.Resorcon, Inc., 604 So.2d 370 (Ala. 1992).
This Court discussed the due diligence standard in Davis v.Mims, 510 So.2d 227, 229 (Ala. 1987). There, we stated that "[t]he correct test is whether the plaintiff knew, or should have known, or was on notice, that the substituted defendants were in fact the parties described fictitiously."
Mr. Fulmer contends that the trial court erred in not allowing the substitution, because, he says, he "persistently stuck with discovery until Clark [Equipment] was correctly added as a party Defendant." He contends that he "put forth much effort to identify the manufacturer of the forklift." In support of this effort, he said, he asked several people at Reynolds if they could identify the manufacturer and that they told him that they thought the forklift was a "Clark" model. Mr. Fulmer argues that he "promptly and persistently sought to determine if there was a defect and to correctly identify the manufacturer."
The affidavits and depositions filed by Clark Equipment in support of its summary judgment motion made a prima facie showing that Mr. Fulmer did nothing calculated to pursue a cause of action until after the end of the two years allowed by the statute of limitations. The materials before the court when it considered that motion indicated that although Mr. Fulmer talked with three witnesses concerning the accident, he did not inquire as to the identity of the manufacturer of the forklift; and that Mr. Fulmer talked with his employer's workers' compensation director and learned that the forklift was a "Clark" model, but still did nothing calculated to determine the full name of the manufacturer.
Clark Equipment argues that if Mr. Fulmer had exercised due diligence, he could have determined its complete name. Clark Equipment presented evidence that it has been in the business of manufacturing forklifts since the 1920s and that it is well known in the industry. It alleges that if Mr. Fulmer had questioned anyone familiar with forklifts, he would have learned the full name. Clark Equipment forklifts have their names clearly listed on the nameplate, and Reynolds has for the forklift an operator's manual and a parts manual, each of which provides the name of the manufacturer.
The record shows that Clark Equipment made a prima facie showing that Mr. Fulmer did not act diligently in attempting to learn Clark Equipment's identity and that Mr. Fulmer failed to rebut that prima facie showing. See Rule 56, Ala.R.Civ.P. Mr. Fulmer admitted that before he filed his complaint he had been told that the forklift was a "Clark" model. The materials before the court on the motion for summary judgment compel the conclusion that Mr. Fulmer did not diligently attempt to learn the full name and address of the manufacturer. Rule 9(h) is intended to toll the running of the statutory period of limitations in emergency cases where the plaintiff has been injured and has a cause of action against some person or entity but has been unable to ascertain through due diligence the name of that person or entity. Bowen v. Cummings, 517 So.2d 617
(Ala. 1987). Mr. Fulmer's amendment substituting Clark Equipment Company does not relate back to the date of the original complaint, and any action against Clark Equipment is barred by the applicable statute of limitations. Therefore, the trial court correctly entered the summary judgment.
AFFIRMED.
MADDOX, SHORES, STEAGALL and COOK, JJ., concur. *Page 47