On Application for Rehearing

L. CHARLES WRIGHT, Retired Appellate Judge.
This court’s original opinion, which was released on February 16, 1996, is withdrawn, and the following is substituted therefor:
Donald and Evelyn Sherbert appeal from the entry of a summary judgment in favor of SCE, Inc.
The City of Montgomery Water Works and Sanitary Sewer Board undertook to expand its Eeonchate Waste Water Treatment Plant in the late 1980s. The general contractor for the expansion was SCE. The plans for the expansion were prepared by CH2M Hill, Inc. The pumps installed during the expansion were manufactured by Dorr-Oli-ver Environmental Systems, Inc. The expansion was completed in January 1989. Sherbert began working for the Water Works Board in November 1989.
On March 27, 1992, Sherbert was injured while attempting to unclog an object that was stuck in one of the pressurized pumps. On March 25, 1994, Sherbert filed a complaint against CH2M Hill, Dorr-Oliver, and fictitious parties 1 through 29. The complaint alleged negligence in manufacturing the equipment, designing the equipment, and warning about the equipment. The complaint also alleged breach of warranty, breach of contract, and willful and wanton conduct. Specific to SCE, the complaint alleged that certain fictitious parties failed to provide a safe work environment, failed to perform proper work inspections, and failed to install proper safety devices.
In May 1994 the case was removed to the United States District Court for the Middle District of Alabama. In August 1994 Sherbert filed a motion to amend, requesting that the court allow him to add SCE as a defendant. The motion alleged that until preliminary discovery was conducted with the manufacturer, Sherbert was not aware of the identity of the general contractor, SCE. The original defendants objected to the amendment on the grounds that Sherbert should have known the identity of SCE and that, therefore, the statute of limitations barred the claim.
Sherbert was allowed to amend the complaint. The amended complaint alleged that via SCE’s contract with the Water Works Board, SCE assumed, a duty to (1) train employees, (2) construct the system using reasonable care, (3) review the plans and specifications to determine sufficiency of same, and (4) warn employees of any dangers which could not be eliminated. Based on these allegations, Sherbert alleged negligence, breach of contract, and loss of consortium on behalf of his wife. Following the amendment, diversity jurisdiction was destroyed, and the case was remanded to the Montgomery County Circuit Court.
In April 1995 SCE filed a summary judgment motion, alleging that the cause was barred based on the statute of limitations. The trial court entered a summary judgment in favor of SCE. Sherbert appeals. This case is before us pursuant to § 12-2-7(6), Code 1975.
*1117 Sherbert asserts that the trial court erred in entering a summary judgment in favor of SCE. He insists that a genuine issue of fact remained as to whether he knew the identity of SCE at the time he filed his complaint naming the general contractor fictitiously.
Rule 9(h), Ala.R.Civ.P., allows a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted. Rule 15(c), Ala.R.Civ.P., allows the amendment to relate back to the date of the original pleading.
In order for the relation-back principle of Rule 9 and Rule 15 to be invoked, the plaintiff must state a cause of action against the fictitiously named party in the body of the original complaint, and the plaintiff must show that he was ignorant of the true identity of the defendant and that he used due diligence in attempting to discover it. Clay v. Walden Joint Venture, 611 So.2d 254 (Ala.1992); Jones v. Resorcon, Inc., 604 So.2d 370 (Ala.1992).
In his deposition, Sherbert states that he was aware of SCE’s identity in 1990. In an effort to defeat SCE’s summary judgment motion, however, Sherbert filed an affidavit denying that he knew the identity of SCE at the time the action was filed.
Sherbert insists that his deposition testimony is ambiguous and that the statements in his affidavit clearly present a genuine issue of fact.
The trial court specifically addressed this issue and found the following:
“The Court has carefully reviewed [Sherbert’s] affidavit and finds that it is totally inconsistent and in direct conflict with his deposition regarding the time when he knew the identity of SCE, Inc. Furthermore, the affidavit does not explain or give reasons for the contradiction. Pursuant to Rule 56, A.R.Civ.P., summary judgment is appropriate only when ‘there is no genuine issue as to any material fact ... and the moving party is entitled to a judgment as a matter of law.’ Moreover, where clear answers are given to unambiguous questions in a prior deposition, one cannot create an issue of fact by providing a contradictory affidavit which does not explain the inconsistency. See Robinson v. Hank Roberts, Inc., 514 So.2d 958 (Ala.1987). In this regard the Court finds the affidavit of [Sherbert] cannot be considered in determining whether there is a genuine issue of material fact as to the time [he] learned the identity of SCE, Inc. Therefore, the Court finds there is no genuine issue of material fact as to when [Sherbert] knew SCE, Inc., was the installer of the pump and that he was aware of its identity when suit was filed.
“Rule 9(h), A.R.Civ.P., allows a substitution for a fictitious party when plaintiff ‘is ignorant of the name of an opposing party.’ But in order for a substitution to relate back to the time of the filing of the complaint, plaintiff must show he did not know the true identity of the defendant. See Jones v. [Resorcon] Resourcon, Inc., 604 So.2d 370 (Ala.1992). Inasmuch as the Court has found that [Sherbert] did have knowledge at the time of the filing of the complaint of the existence of SCE, Inc., the negligence claims are barred by the statute of limitations.”
Our review of Sherbert’s deposition and his affidavit supports the trial court’s findings. There being no genuine issue of material fact, we conclude that SCE is entitled to a summary judgment as a matter of law. Robinson v. Hank Roberts, Inc., 514 So.2d 958 (Ala.1987).
The judgment of the trial court is affirmed. The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; RULE 39(k) MOTION DENIED; AFFIRMED.
ROBERTSON, P.J., and THIGPEN and MONROE, JJ., concur.