780 So.2d 681 (2000)
Ex parte Dr. David H. JACKSON and Brookwood Medical Center.
(Re Willie Johnson, etc. v. Brookwood Medical Center et al.)
1982051.
Supreme Court of Alabama.
June 16, 2000.
Rehearing Denied August 25, 2000.
*682 Michael K. Wright, Sybil V. Abbot, and Geoffrey S. Bald of Starnes & Atchison, L.L.P., Birmingham, for petitioners.
Charles C. Tatum, Jr., Jasper, for respondents.
PER CURIAM.
Dr. David H. Jackson and Brookwood Medical Center ("Brookwood") petition for a writ of mandamus directing the Jefferson Circuit Court to enter a final judgment in their favor in a medical-malpractice action filed against them. They argue that the plaintiff's claims against them are barred by the applicable statute of limitations. We deny the writ.

I.
The evidence and the pleadings, viewed in the light most favorable to the plaintiff, suggest the following facts: In early 1993, Mrs. Lydia Darnell had a heart attack. She was treated at Walker Regional Medical Center ("Walker Regional") and was released. About a month later, she again sought treatment at Walker Regional. Her doctor admitted her to that hospital and then transferred her to Brookwood, where Dr. Jackson treated her. Dr. Jackson performed two angioplasty procedures on Mrs. Darnell; however, Mrs. Darnell died two days later.
Mrs. Darnell's brother, Willie Johnson, asked Dr. Jackson why Mrs. Darnell had died. Dr. Jackson told him that her heart was too weak to pull her through and that the two angioplasty procedures he performed did not cause or contribute to her death. Johnson believed Dr. Jackson and suspected that Mrs. Darnell's treatment at Walker Regional had led to her death. On April 11, 1995, within the time allowed by Ala.Code 1975, § 6-5-482, for filing a medical-liability action, Johnson filed this action in the Walker Circuit Court against Walker Regional and various fictitiously *683 named defendants described as the "person, persons, entity, or entities working at Walker Regional Medical Center ... who were responsible for providing care for Mrs. Lydia Darnell."
In August 1994, Johnson sought and received Mrs. Darnell's medical records from Brookwood. Johnson's attorney had several physicians review the records. Until April 1996, all of those physicians concluded that Mrs. Darnell's treatment did not cause her death. However, in April 1996, another physician reviewed Mrs. Darnell's records and concluded that Mrs. Darnell died as a result of one of the angioplasty procedures Dr. Jackson had performed at Brookwood.
On May 15, 1996, Johnson amended his complaint to name Dr. Jackson and Brookwood as defendants. The amendment stated that Johnson was substituting Dr. Jackson and Brookwood for certain of the fictitious defendants named in his original complaint.
In August 1996, in the Walker Circuit Court, Dr. Jackson and Brookwood moved for a summary judgment. In October, the Walker Circuit Court severed Johnson's claims against Dr. Jackson and Brookwood from his claims against Walker Regional and transferred his claims against Dr. Jackson and Brookwood to the Jefferson Circuit Court. In March 1997, Dr. Jackson and Brookwood renewed their motion for a summary judgment. They argued, among other things, that Johnson's amended complaint had improperly attempted to substitute Dr. Jackson and Brookwood for the fictitious defendants identified in the original complaint, and that Johnson's claims against them did not relate back to the filing of the original complaint and were barred by the statute of limitations set forth in the Alabama Medical Liability Act. See Ala.Code 1975, § 6-5-482.
Johnson opposed their motion. He conceded that the amendment did not relate back to the filing of the original complaint. He argued, however, that his claims against Dr. Jackson and Brookwood were not barred by the statute of limitations because, he said, they were brought within six months after the date he discovered or could reasonably have discovered that he had a cause of action against those defendants. See id. Specifically, he argued that Dr. Jackson had misrepresented and suppressed facts that would indicate that Dr. Jackson was liable for Mrs. Darnell's death. The circuit court delayed ruling on the motion for a summary judgment, in order to allow Johnson to conduct discovery relevant to the statute-of-limitations issue. After that discovery was completed, Dr. Jackson and Brookwood again renewed their motion for a summary judgment, and Johnson again opposed their motion. The circuit court denied the motion.

II.
A writ of mandamus is an extraordinary remedy, and one petitioning for it must show: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court. See Ex parte Conference America, Inc., 713 So.2d 953, 955 (Ala. 1998) (citing Ex parte Edgar, 543 So.2d 682, 684 (Ala.1989)). We cannot conclude that Dr. Jackson and Brookwood lack another adequate remedy.
The limited materials before us indicate that after the circuit court denied their motion for a summary judgment, Dr. Jackson and Brookwood moved the circuit court to "reconsider" its denial, and that the circuit court denied that motion on June 29, 1999. The materials before us do not indicate that Dr. Jackson or Brookwood asked the circuit court to make the certification necessary for them to petition this Court for permission to appeal the order denying their motion for summary judgment. See Rule 5, Ala. R.App. P. Rather, on August 25, well after the time *684 allowed to petition for permission to appeal had expired, Dr. Jackson and Brookwood filed this petition.
The general rule is that "`a writ of mandamus will not issue to review the merits of an order denying a motion for a summary judgment.'" Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998) (quoting Ex parte Central Bank of the South, 675 So.2d 403 (Ala.1996)). In all but the most extraordinary cases, an appeal is an adequate remedy; however, there are exceptionsfor example, when the trial court denies a motion for a summary judgment that is based on an argument that governmental immunity bars the plaintiff's claim. See, e.g., Ex parte Butts, 775 So.2d 173, 177-78 (Ala.2000). In such a case, the defendant may seek pretrial appellate review by petitioning for permission to appeal an interlocutory order in accordance with Rule 5, Ala. R.App. P., or by petitioning for a writ of mandamus. See id.
In Ex parte Southland Bank, 514 So.2d 954, 955 (Ala.1987), this Court stated that "[t]he fact that a statute of limitations defense is applicable is not a proper basis for issuing a writ of mandamus, due to the availability of a remedy by appeal." 514 So.2d at 955. Subject to a narrow exception, that statement remains true. In a narrow class of cases involving fictitious parties and the relation-back doctrine, this Court has reviewed the merits of a trial court's denial of a summary-judgment motion in which a defendant argued that the plaintiff's claim was barred by the applicable statute of limitations. See Ex parte Snow, 764 So.2d 531 (Ala.1999) (issuing the writ and directing the trial court to enter a summary judgment in favor of the defendant); Ex parte Stover, 663 So.2d 948 (Ala. 1995) (reviewing the merits of the trial court's order denying the defendant's motion for a summary judgment, but denying the defendant's petition for a writ of mandamus); Ex parte FMC Corp., 599 So.2d 592 (Ala.1992) (same); Ex parte Klemawesch, 549 So.2d 62, 65 (Ala.1989) (issuing the writ and directing the trial court "to set aside its order denying [the defendant's] motion to quash service or, in the alternative, to dismiss, and to enter an order granting the motion"). In Snow, Stover, FMC Corp., and Klemawesch, the plaintiff amended his or her complaint, purporting to substitute the true name of a fictitiously named defendant. In each case, the plaintiff's claim against the newly named defendant would have been barred by the applicable statute of limitations if the plaintiff's amendment did not, pursuant to Rule 15(c), Ala. R. Civ. P., relate back to the filing of the plaintiff's original complaint. As we explained in Snow, "[a] writ of mandamus is proper in a case such as this if the undisputed evidence shows that the plaintiff failed to act with due diligence in identifying the fictitiously named defendant as the party the plaintiff intended to sue." 764 So.2d at 537.
This case is distinguishable from Snow, Stover, FMC Corp., and Klemawesch. Although Johnson's amended complaint states that he is substituting Dr. Jackson and Brookwood for fictitious parties named in the original complaint, he conceded that his amendment did not relate back to the filing of his original complaint, arguing instead that his claims against Dr. Jackson and Brookwood were timely because they were brought within six months after the date he discovered or could have discovered that he had a cause of action against them. Thus, the issue before the circuit court was not whether Johnson "failed to act with due diligence in identifying the fictitiously named defendant as the party the plaintiff intended to sue," Snow, 764 So.2d at 537, but, rather, whether the time allowed for filing a medical-liability action against Dr. Jackson and Brookwood under § 6-5-482 had expired. Therefore, this case is not within that narrow class of eases in which we will review the denial of a motion for a summary judgment on consideration of a petition for a writ of mandamus.
*685 The trial court's order denying Dr. Jackson and Brookwood's motion for a summary judgment is the kind of interlocutory order that is appropriate for review under the procedure set forth in Rule 5, Ala. R.App. P. Dr. Jackson and Brookwood did not attempt to use that procedure. If they had asked the trial court to give the certification required by that rule and the trial court had refused, this might be a different case. However, that case is not before us. We express no opinion concerning the merits of the trial court's order denying Dr. Jackson and Brookwood's motion for a summary judgment.

III.
This case is not within an exception to the rule that a writ of mandamus will not issue to review the merits of an order denying a motion for a summary judgment. The petitioners could have sought permission to appeal that order, but they did not. Because another adequate remedy, i.e., an appeal, was available, we deny the petition for the writ of mandamus.
WRIT DENIED.
HOOPER, C.J., and SEE, BROWN, and ENGLAND, JJ., concur.
HOUSTON, J., concurs specially.
HOUSTON, Justice (concurring specially).
Ms. Lydia Darnell died on April 17, 1993. Within four years of her death, and there is evidence that within six months after the plaintiff discovered the cause of action against Brookwood Medical Center and David H. Jackson, M.D., the plaintiff amended his complaint to state a claim against Brookwood and Dr. Jackson. Ala. Code 1975, § 6-5-482, provides in pertinent part:
"[I]f the cause of action is not discovered and could not reasonably have been discovered within such period [two years after the act, or omission, or failure giving rise to the claims], then the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier; provided further, that in no event may the action be commenced more than four years after such act...."
It is not for the Court, but for the trier of the facts, to determine "the date of discovery [of the cause of action] or the date of discovery of facts which would reasonably lead to such discovery" in this case; therefore, Brookwood and Dr. Jackson have not established a right to this Court's drastic remedy of mandamus.