991 So.2d 1287 (2008)
Ex parte NATIONWIDE INSURANCE COMPANY.
(In re Donna Jo Chapman Alexander
v.
Verner Lee Herron et al.)
1061708.
Supreme Court of Alabama.
April 18, 2008.
*1289 Kori L. Clement of Hare, Clement & Duck, P.C., Birmingham, for petitioner.
Aubrey J. Holloway of Gaines, Wolter & Kinney, P.C., Birmingham, for respondent Verner Lee Herron.
Roger M. Monroe, Montgomery, for respondent Donna Jo Chapman Alexander.
SEE, Justice.
Nationwide Insurance Company ("Nationwide") petitions this Court for the writ of mandamus directing the trial court to dismiss as untimely Donna Jo Chapman Alexander's claim for underinsured-motorist ("UIM") benefits. We conclude that Alexander did not exercise due diligence in ascertaining the identity of Nationwide as one of the fictitiously named defendants and amending her complaint to substitute Nationwide for a fictitiously named defendant before the statutory limitations period had expired; therefore, we grant the petition and issue the writ.

Facts and Procedural History
On September 1, 2000, Alexander was involved in an automobile accident with Verner Lee Herron. Alexander's vehicle was insured by Nationwide, and the insurance policy included uninsured/underinsured-motorist coverage in the amounts of $20,000 for bodily injury to each person and $40,000 for each accident. Alexander sustained physical injuries as a result of the accident, and in August 2002, Alexander sued Herron in the Etowah Circuit Court, alleging that Herron had negligently and/or wantonly caused the accident. Alexander's complaint also included as fictitiously named defendants "those persons or entities which issued and/or owe benefits and coverage pursuant to uninsured and/or underinsured motorists to Plaintiff." Petition at Appendix 2, p. 1.
In June 2007, Alexander moved the trial court to substitute Nationwide for one of the fictitiously named defendants listed in the complaint and to include a claim against Nationwide for UIM benefits. Nationwide moved to dismiss Alexander's UIM claim on the ground that it is barred by the six-year statute of limitations governing claims for UIM benefits. The trial court denied Nationwide's motion to dismiss. Nationwide petitions this Court for the writ of mandamus directing the trial court to enter an order dismissing Alexander's UIM claim against Nationwide.

Standard of Review
"`A writ of mandamus is an extraordinary remedy, and it "will be issued only when there is: 1) a clear legal right in the petitioner to the order *1290 sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court."'"
Ex parte Monsanto Co., 862 So.2d 595, 604 (Ala.2003) (quoting Ex parte Butts, 775 So.2d 173, 176 (Ala.2000), quoting in turn Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993)). A writ of mandamus is the proper means by which to seek review of a denial of a motion to dismiss filed by a party originally listed as a fictitiously named defendant "when `the undisputed evidence shows that the plaintiff failed to act with due diligence in identifying the fictitiously named defendant as the party the plaintiff intended to sue.'" Ex parte Chemical Lime of Alabama, Inc., 916 So.2d 594, 596-97 (Ala.2005) (quoting Ex parte Snow, 764 So.2d 531, 537 (Ala. 1999)); see also Ex parte Klemawesch, 549 So.2d 62 (Ala.1989) (issuing the writ of mandamus and directing the trial court to grant the "motion to quash service or, in the alternative, to dismiss").

Analysis
This Court has stated that a claim for UIM benefits is an action based on contract. See Ex parte Barnett, 978 So.2d 729, 734 (Ala.2007) ("[A UIM] insurance carrier's liability to the insured is based solely on its contractual obligations as laid out in the policy."); Continental Nat'l Indem. Co. v. Fields, 926 So.2d 1033, 1037 (Ala.2005) (holding that a cause of action "under the uninsured-motorist statute is contractual" in nature). The statute of limitations for an ex contractu action is six years. Weaver v. American Nat'l Bank, 452 So.2d 469, 473 (Ala.1984); see also § 6-2-34, Ala.Code 1975 ("The following must be commenced within six years: ... Actions upon any simple contract or specialty not specifically enumerated in this section."). The accident that gave rise to Alexander's injuries occurred on September 1, 2000. Alexander filed her complaint on August 28, 2002, and included as fictitiously named defendants any insurance company that owes benefits pursuant to any policy extending uninsured and/or underinsured coverage. She did not amend her complaint to substitute Nationwide for a fictitiously named defendant until June 13, 2007, nine months after the six-year statutory limitations period had expired. Thus, the question before this Court is whether Alexander's amendment substituting Nationwide for a fictitiously named defendant relates back to the original complaint, thereby bringing her UIM claim within the applicable six-year statute-of-limitations period.
Fictitious-party pleading is governed by Rule 9(h), Ala. R. Civ. P., which provides:
"When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name."
Rule 15(c)(4), Ala. R. Civ. P., provides that "[a]n amendment of a pleading relates back to the date of the original pleading when ... relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h)[, Ala. R. Civ. P.]."
This Court has elaborated on the interplay between Rule 9(h) and Rule 15(c)(4), Ala. R. Civ. P., stating that these two rules "allow a plaintiff to avoid the bar of a statute of limitations by fictitiously naming defendants for which actual parties can later be substituted." Ex parte Chemical Lime of Alabama, Inc., 916 So.2d at 597 (quoting Fulmer v. Clark Equip. Co., 654 So.2d 45, 46 (Ala.1995)). In order to *1291 invoke the relation-back principle and proceed under the fictitious-party rule, the original complaint must "adequately describe[] the fictitiously named defendant and state[] a claim against such a defendant." Fulmer, 654 So.2d at 46 (citing Jones v. Resorcon, Inc., 604 So.2d 370 (Ala.1992)). In addition, a party "`"must have been ignorant of the true identity of the defendant and must have used due diligence in attempting to discover it."'" Pearson v. Brooks, 883 So.2d 185, 191 (Ala.2003) (quoting Crowl v. Kayo Oil Co., 848 So.2d 930, 937 (Ala.2002), quoting in turn Fulmer, 654 So.2d at 46 (emphasis omitted)). The correct standard for determining whether a party exercised due diligence in attempting to ascertain the identity of the fictitiously named defendant "is whether the plaintiff knew, or should have known, or was on notice, that the substituted defendants were in fact the parties described fictitiously." Davis v. Mims, 510 So.2d 227, 229 (Ala.1987).
Nationwide argues that Alexander did not exercise due diligence in substituting Nationwide for a fictitiously named defendant because "Alexander clearly knew that Nationwide was her insurer on the date of the accident and is, therefore, deemed to have known the identity of Nationwide Insurance Company on that date." Petition at 12. Nationwide further argues that even if Alexander was unaware of Nationwide's identity, she still failed to exercise due diligence because "she completely and utterly failed to take any action whatsoever that could aid her in determining the true identity of the supposed fictitious [UIM] insurer." Petition at 13. Alexander contends that she did not fail to exercise due diligence in substituting Nationwide for a fictitiously named defendant because "it took an extended period of time for the plaintiff to evaluate her injuries" and to determine "whether or not [Herron] has sufficient coverage in light of [Alexander's] injuries." Alexander's brief at 2. Alexander maintains that she acted with due diligence because those two pieces of information were necessary in evaluating her potential claim for UIM benefits, and, she says, she amended her complaint 10 days after acquiring this information.
We conclude that Alexander's amendment to substitute Nationwide for a fictitiously named defendant does not relate back to the date of her original complaint because she knew or should have known Nationwide's identity at the time of the accident. Alexander knew that Nationwide was her insurer; the accident report lists Nationwide as her insurer. See Fulmer, 654 So.2d at 46 (holding that the plaintiff did not exercise due diligence in discovering the identity of Clark Equipment Company as the manufacturer of the forklift on which he was injured because the plaintiff "admitted that before he filed his complaint he had been told that the forklift was a `Clark' model"). Even if we were to assume that Alexander did not actually know that Nationwide was her insurer, she could have discovered Nationwide's identity and the existence of UIM coverage simply by examining her policy. See Crowl, 848 So.2d at 937 ("We agree with Kayo's argument that Crowl did not exercise `due diligence' to discover its identity as one of the fictitiously named defendants in Crowl's complaint.... The record in this case shows that had Crowl examined the property tax records for that property, he would have found that the property had been assessed in Kayo's name.").
Nationwide has demonstrated a clear legal right to the remedy sought because the undisputed evidence indicates that Alexander knew, or at least should have known, that Nationwide was her insurer. Therefore, *1292 she did not exercise due diligence in ascertaining Nationwide's identity, and the amendment to her complaint substituting Nationwide for a fictitiously named defendant does not relate back to the date of the filing of her original complaint.
We also note that allowing Alexander's claim to relate back under these circumstances would permit her to use Rules 9(h) and 15(c), Ala. R. Civ. P., for a purpose for which those rules were not intended. As this Court explained in Columbia Engineering International, Ltd. v. Espey, 429 So.2d 955, 959 (Ala.1983):
"... Rule 9(h) is not intended to give plaintiffs additional time beyond the statutorily prescribed period within which to formulate causes of action. Instead, the principal reason for the rule is to toll the statute of limitations in emergency cases where plaintiff knows he has been injured and has a cause of action against some person or entity, but has been unable to ascertain through due diligence the name of that responsible person or entity."
(Citing Browning v. City of Gadsden, 359 So.2d 361 (Ala.1978), overruled on other grounds, City of Birmingham v. Davis, 613 So.2d 1222 (Ala.1992).) See also Harmon v. Blackwood, 623 So.2d 726, 727 (Ala.1993) (fictitious-party pleading is not intended to "excuse the plaintiff's ignorance of a cause of action against the fictitiously named defendant").
In her response to Nationwide's motion to dismiss, Alexander argues that dismissal of her UIM claim was not warranted because Alexander's "counsel recently discovered a potential claim under [Alexander's] underinsured motorist coverage on June 6, 2007." Petition at Appendix 7, p. 1. However, Rules 9(h) and 15(c), Ala. R. Civ. P., were not intended to prevent the bar of the statute of limitations when an individual does not discover the existence of the claim until after the statutory limitations period expires. "[I]t is incumbent upon the plaintiff, before the running of the statutory period, to investigate and to evaluate his claim to determine who is responsible for the injury...." Marsh v. Wenzel, 732 So.2d 985, 989 (Ala. 1998) (quoting Harmon, 623 So.2d at 727). The fact that Alexander did not determine whether she had a UIM claim against Nationwide, thus, does not permit her to substitute Nationwide for a fictitiously named defendant after the statutory limitations period has run. Therefore, Nationwide has demonstrated a clear legal right to an order directing the trial court to dismiss Alexander's UIM claim against it.
It is also apparent that Nationwide does not have another adequate remedy. Ex parte Jackson, 780 So.2d 681, 684 (Ala. 2000) (an appeal is not an adequate remedy to review the defense, "[i]n a narrow class of cases involving fictitious parties and the relation-back doctrine," that a claim is barred by the statute of limitations).

Conclusion
We hold that the trial court should have dismissed Alexander's UIM claim against Nationwide because the undisputed evidence indicates that Alexander failed to exercise due diligence in ascertaining Nationwide's identity and substituting Nationwide for the fictitiously named defendant in her original complaint. Nationwide has demonstrated (1) that is has a clear legal right to an order directing the trial court to dismiss the UIM claim against it, (2) that the trial court should have granted its motion to *1293 dismiss and did not, (3) that it does not have another adequate remedy, and (4) that jurisdiction in this Court is proper; therefore, we grant Nationwide's petition and issue the writ of mandamus directing the trial court to dismiss Alexander's UIM claim against Nationwide.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.