MOORE, Chief Justice
(dissenting).
I respectfully dissent because General Motors of Canada Limited (“GM Canada”) *243 has not demonstrated that it is entitled to the writ of mandamus. GM Canada focuses on Gerardo Poole’s burden of demonstrating that he acted with due diligence to ascertain GM Canada’s identity. However, GM Canada has its own burden “to show that each element required for issuance of the writ [of mandamus] has been satisfied.” Ex parte Patterson, 853 So.2d 260, 263 (Ala.Civ.App.2002). GM Canada has not pleaded the required elements for the issuance of the writ, let alone demonstrated that each element has been satisfied.

I. Standard of Review

Our standard for mandamus relief is as follows:
“A writ of mandamus is an extraordinary remedy, and one petitioning for it must show: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.”
Ex parte Jackson, 780 So.2d 681, 683 (Ala. 2000). “The general rule is that ‘ “a writ of mandamus will not issue to review the merits of an order denying a motion for a summary judgment.” ’ In all but the most extraordinary cases, an appeal is an adequate remedy; however, there are exceptions .... ” 780 So.2d at 684 (citation omitted).
One exception involves fictitiously named parties and the relation-back doctrine:
“ ‘[T]he fact that a statute of limitations defense is applicable is not a proper basis for issuing a writ of mandamus, due to the availability of a remedy by appeal.’ Subject to a narrow exception, that statement remains true. In a narrow class of cases involving fictitious parties and the relation-back doctrine, this Court has reviewed the merits of a trial court’s denial of a summary-judgment motion in which a defendant argued that the plaintiffs claim was barred by the applicable statute of limitations.”
780 So.2d at 684 (quoting Ex parte South-land Bank, 514 So.2d 954, 955 (Ala.1987) (citation omitted)). “ ‘[A] writ of mandamus is proper ... if the undisputed evidence shows that the plaintiff failed to act with due diligence in identifying the fictitiously named defendant as the party the plaintiff intended to sue.’” Id. (quoting Ex parte Snow, 764 So.2d 531, 537 (Ala. 1999)).
GM Canada, however, presents the writ-of-mandamus standard of review in an extremely truncated fashion. GM Canada’s standard of review and argument omit entirely any reference to the four elements a petitioner must show in order for mandamus to lie.
I also note that it is not enough that GM Canada demonstrates that this case is one of the “narrow class of cases involving fictitious parties and the relation-back doctrine.” Ex parte Jackson, 780 So.2d at 684. Rather, GM Canada must also demonstrate it satisfies the four elements necessary for mandamus relief.

II. GM Canada Cannot Show That it is Entitled to Mandamus Relief

Even if GM Canada carried its burden by properly pleading its entitlement to the writ of mandamus in this case, I believe mandamus would not lie. First, GM Canada lacks a clear legal right to the order sought. The clear legal right must be an “indisputable right to a particular result.” Ex parte Rudolph, 515 So.2d 704, 706 (Ala. 1987) (emphasis added). “[T]he right to the relief sought [must be] clear and certain, with no reasonable basis for controversy.” Ex parte Nissei Sangyo America, *244 Ltd,., 577 So.2d 912, 914 (Ala.1991) (emphasis added). “In a case involving fictitiously named defendants, the answer to [the] question [whether the amendment relates back to the filing of the original complaint] depends upon the plaintiff’s conduct.” Ex parte Mobile Infirmary Ass’n, 74 So.3d 424, 428 (Ala.2011) (emphasis added).
A petitioner can hardly show a clear legal right to a summary judgment where relevant facts are disputed in the trial court. “A writ of mandamus is proper ... if the undisputed evidence shows that the plaintiff failed to act with due diligence in identifying the fictitiously named defendant ....” Ex parte Snow, 764 So.2d 531, 537 (Ala.1999) (emphasis added). The main opinion even recognizes the uncertainty of an important fact in this case: whether Poole had sufficient and readily available facts to lead to the discovery of GM Canada’s identity. 144 So.3d at 240. Specifically, as to who possessed the Chevrolet Impala vehicle at issue, the opinion equivocates, stating on one hand it was “in the possession of Poole’s agents or his family,” 144 So.3d at 242 (emphasis added), while conceding that “[t]he location of the Impala for the nearly two-year period preceding the filing of the complaint is unclear. However, the materials before us suggest that the vehicle was owned by Poole’s mother and that, for a period before and after the complaint was filed, the vehicle was in the possession of attorneys retained by Poole.” 144 So.3d at 241 n. 6.
According to the record, when Poole’s attorney filed the complaint on April 6, 2009, he was not aware of the location of the Impala, nor was he aware who had possession of the vehicle. Poole’s attorney also stated that neither “[Poole] nor anyone acting on [Poole’s] behalf had possession of the vehicle.” Indeed, it was not until after the June 10, 2009, motion to amend the complaint that Poole’s attorney learned that the Impala was in the possession of one of Poole’s prior attorneys. The facts do not indicate whether Poole’s prior attorney acted as the “referring attorney” to Poole’s current attorney or was twice removed from the attorney-client relationship. Further, the facts do not indicate whether Poole’s prior attorney undertook representation on this matter, which would make his prior attorney his agent for this matter.
With such a significant fact still in dispute, I fail to see how the main opinion glosses over the question in order to issue the writ of mandamus here. When there is no clear factual record on the past possession and location of the Impala and the label that indicates its manufacturer, there can be no clear legal right to a summary judgment.
The main opinion relies primarily upon Jones v. Resorcon, Inc., 604 So.2d 370 (Ala.1992) (concerning a label on a blower fan), and Fulmer v. Clark Equipment Co., 654 So.2d 45 (Ala.1995) (concerning a label on a forklift). In both of those cases, the presence of a manufacturer’s label was only one aspect of the due-diligence inquiry. In Jones, the plaintiff went to an industrial plant and visually inspected a label that identified the fan manufacturer, but read the label incorrectly. 604 So.2d at 373. We observed: “When Jones did begin efforts to determine the true manufacturer, his efforts were sporadic and ineffectual, and he did not amend to state a claim against the true manufacturer until September 17, 1991.” 604 So.2d at 374. In Jones, the plaintiff filed a motion to substitute Resorcon for a fictitiously named defendant about 14 months after filing his initial complaint and after he had received the codefendant’s answer denying that it had manufactured the fan. Id. at 372.
*245 In Fulmer, “although Mr. Fulmer talked with three witnesses concerning the accident, he did not inquire as to the identity of the manufacturer of the forklift; and ... [later] learned that the forklift was a ‘Clark’ model, but still did nothing calculated to determine the full name of the manufacturer.” 654 So.2d at 46. The plaintiff in Fulmer attempted to amend his complaint and substitute Clark Equipment for a fictitiously named defendant nearly a year after he had filed his initial complaint. 654 So.2d at 45.
Unlike the plaintiff in Jones, Poole was unable to investigate the vehicle label by himself, having been rendered a quadriplegic in the automobile accident. Unlike the plaintiff in Fulmer, Poole had not learned anything indicating that the Impala was a “GM Canada” model. In contrast to the plaintiffs’ dilatory actions in Jones and Fulmer, Poole’s attorney diligently attempted to discover the manufacturer’s identity. Poole’s complaint specifically included as a fictitiously named defendant that “corporation ... which designed, engineered, tested, manufactured ... the 2004 Chevrolet Impala.” Poole’s attorney served discovery with the initial complaint on General Motors Corporation that sought the identity of the manufacturer of the Impala. Poole’s attorney later discovered the identity of GM Canada and immediately filed the motion to substitute GM Canada for the fictitiously named party. Unlike the 14-month delay in Jones and the 12-month delay in Fulmer, the delay between Poole’s filing the initial complaint and his filing the motion to substitute GM Canada was only 2 months.
Upon consideration of all the facts before us, “reasonable people could differ as to whether [Poole] proceeded in a reasonably diligent manner in identifying [GM Canada].” Ex parte FMC Corp., 599 So.2d 592, 595 (Ala.1992). There is a “reasonable basis for controversy” in the facts that renders GM Canada’s right to relief unclear and uncertain. Nissei Sangyo, 577 So.2d at 914. A plaintiffs due diligence in identifying a fictitiously named defendant should not be reduced to a one-factor test of whether a car had a manufacturer’s label, and, indeed, in Jones and Fulmer the Court did not so hold. Because reasonable people could dispute whether Poole exercised due diligence here, GM Canada does not have an indisputable or clear legal right to a summary judgment.
Second, where there is no “clear legal right” to the order sought, there can be no imperative duty for the trial court to act. “[W]here the right sought to be enforced is a clear legal right, the allowance of which is a matter of peremptory duty, and not of judicial discretion, there can be but little doubt or difficulty in determining the propriety of the remedy by mandamus.” Bank of Heflin v. Miles, 294 Ala. 462, 466-67, 318 So.2d 697, 701 (1975) (emphasis added). The trial court denied GM Canada’s motion for a summary judgment. “After careful consideration of [GM Canada’s] motion and [Poole’s] response in opposition and his supplemental report,” the trial court found that Poole “exercised due diligence in ascertaining the identity of [GM] Canada and amending the Complaint to include that Defendant as a party to this litigation.” The trial court in carefully considering GM Canada’s motion did not clearly exceed its discretion; neither did the trial court act in an arbitrary and capricious manner. Here, the evidence simply does not indisputably show that Poole failed to act with due diligence in identifying GM Canada as the party to be sued. This Court should not second-guess the reasonable judgment of the trial court.
Third, GM Canada has not demonstrated that it lacks another adequate legal remedy. We have previously stated:
*246 “The trial court’s order denying Dr. Jackson and Brookwood’s motion for a summary judgment is the kind of interlocutory order that is appropriate for review under the procedure set forth in Rule 5, Ala. R.App. P. Dr. Jackson and Brookwood did not attempt to use that procedure. If they had asked the trial court to give the certification required by that rule and the trial court had refused, this might be a different case....
“This case is not within an exception to the rule that a writ of mandamus will not issue to review the merits of an order denying a motion for a summary judgment. The petitioners could have sought permission to appeal that order, but they did not. Because another adequate remedy, i.e., an appeal, was available, we deny the petition for the writ of mandamus.”
Ex parte Jackson, 780 So.2d at 685. Because GM Canada could have sought permission to appeal the trial court’s order under Rule 5, Ala. R.App. P., and did not, we should deny its petition for a writ of mandamus.

III. Conclusion

Because GM Canada completely failed to plead the required elements for mandamus relief, the Court must deny the writ. Moreover, if GM Canada had adequately pleaded the required elements, GM Canada would still not be entitled to the writ. GM Canada has not demonstrated that Poole indisputably failed to exercise due diligence in discovering its identity. Thus, GM Canada, even under the fictitious-party exception, is not entitled to the writ. I therefore dissent.