MOORE, Chief Justice
(dissenting).
I dissent because I do not believe that the petitioner has satisfied its burden of establishing the elements necessary for mandamus relief.
“Mandamus is an extraordinary remedy and will be granted only where there is ‘(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the. respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Alfab, Inc., 586 So.2d 889, 891 (Ala.1991). This Court will, not issue the writ of. mandamus where the petitioner has ‘ “full and adequate relief’ ’ by appeal. State v. Cobb, 288 Ala. 675, 678, 264 So.2d 523, 526 (1972) (quoting State v. Williams, 69 Ala. 311, 316 (1881)).”
Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala.2003). Because there is a reasonable basis for controversy concerning whether Gerald A. Templeton exercised due diligence in identifying Nicholson Manufacturing Limited (“Nicholson”) as the manufacturer of the debarker machine involved in the death of Casimiro Deleon Ixcoy, I do not believe that Nicholson has a clear legal right to a summary judgment. Furthermore, because nothing *518 indicates that Nicholson sought a permissive appeal of the trial court’s denial of summary judgment under Rule 5, Ala. R.App. P., Nicholson also failed to exhaust its other adequate remedy.
The facts indicate that Nicholson’s right to the relief sought is far from clear and that the trial judge acted within its discretion in denying its motion for a summary judgment. Before the two-year statutory limitations period expired, Templeton’s attorney requested permission to inspect.the facility at which the fatal accident occurred, and the request was . denied.[4] When Templeton filed his complaint within the limitations period,,he also filed interrogatories requesting the name of the manufacturer of the “conveyor and/or machinery which is at the basis of this lawsuit.” Despite the fact that the debarker machine was oh the property, and presumably within the control of one or more defendants, other named defendants— Treeline Transportation, Inc., Newton Lumber Company, LLC, Kutz, LLC, Burt Holdings, LLC,' and Burt Lumber Co., Inc. — denied knowing the identity of the manufacturer of the relevant machinery in responses dated five months after the statutory limitations period had expired.
Templeton’s attorney requested the incident report kept by the Tuscaloosa Sheriffs Department within the limitations period but did not receive it until two days after the limitations period had expired. The nonfinal decision issued by the Department of Labor,, publicly available for less than 2 months before the limitations period expired, is a 13-page document containing a single reference to “Nicholson,” not “Nicholson Manufacturing Limited.”
“The clear legal right must be an ‘indisputable right to a particular result.’ Ex parte Rudolph, 515 So.2d 704, 706 (Ala.1987) (emphasis added). ‘[T]he right to the relief sought [must be] clear and certain, with no reasonable basis for controversy.’ Ex parte Nissei Sangyo America Ltd., 577 So.2d 912, 914 (Ala.1991) (emphasis added).”
Ex parte General Motors of Canada Ltd., 144 So.3d 236, 243-44 (Ala.2013) (Moore, C.J., dissenting). I agree with the sentiment expressed by the 'trial court in its order denying Nicholson’s summary-judgment motion that this is a “close case.” In close cases, we generally defer to the reasoned judgment of the fact-finder. Because a reasonable basis for controversy exists as to whether Templeton exercised due diligence in identifying Nicholson as the manufacturer of the debarker machine, Nicholson has not established a clear legal right to the relief sought.
Furthermore, the materials before us do not show that Nicholson sought to avail itself of the alternative remedy of a permissive appeal under Rule 5, Ala. R.App. P. “In the normal case where a party may, under Rule.5, Ala. R.App. P., petition for permission to. appeal, this court will not entertain a petition for a writ of mandamus, because such a petition may not substitute for an appeal.” Ex parte Burch, 730 So.2d 143, 145 (Ala.1999). Had Nicholson sought and been denied permission to appeal, it might have established the lack of an adequate remedy. See Ex parte Jackson, 780 So.2d 681, 685 (Ala.2000) (“If [the petitioners] had asked, the trial court to give the certification required by [Rule *519 5] and the trial court had refused, this might be a different case.”)-[5]
Nicholson fails to plead the elements necessary for the extraordinary remedy of a writ of mandamus in its petition or reply brief, much less shows how it satisfies those elements. “Moreover, if [the petitioner] had adequately pleaded the • required elements, [the petitioner] would still not be entitled to the writ” because it lacks a clear legal right to the relief sought and because it failed to take advantage of another adequate remedy. General Motors of Canada Ltd., 144 So.3d at 246 (Moore, C.J., dissenting). I believe that by relaxing a defendant’s burden to prove entitlement to mandamus relief in cases involving fictitiously named parties and the relation-back doctrine, this Court has turned the elements of mandamus relief into a hollow refrain. Therefore, I respectfully dissent.

. The majority cites Jones v. Resorcon, Inc., 604 So.2d 370 (Ala.1992), in concluding that Templeton should have sought a court-ordered inspection of the debarker machine. However, Jones's lack of due diligence was exhibited by a totality of circumstances. "When Jones did begin efforts ... to determine the true manufacturer, his efforts were sporadic and ineffectual....” 604 So.2d at 374, After obtaining leave from the trial court to substitute the proper defendant more than a year after the limitations period had run, Jones waited another 26 days to file his amended complaint. 604 So.2d at 371-72.

. Although the Jackson Court purported to acknowledge an exception to the rule that mandamus cannot substitute for an appeal in "cases involving fictitious parties and the relation-back doctrine,” that statement was dicta, because relation back was not an issue in Jackson. See Jackson, 780 So.2d at 684.