SELLERS, Justice.
American Sweeping, Inc. ("ASI"), petitions this Court for a writ of mandamus directing the Baldwin Circuit Court to vacate its January 9, 2018, order denying its motion to dismiss the claims asserted against it in the underlying action as time-barred and to enter a dismissal in its favor. We grant the petition and issue the writ.
Facts and Procedural History
On May 22, 2014, two separate accidents occurred on the Interstate 65 bridge crossing the Mobile-Tensaw River Delta ("the bridge"). On the day of the accidents, ASI was performing sweeping and cleaning operations on the bridge pursuant its contract with the Alabama Department of Transportation ("ALDOT"). The first accident on the bridge occurred when a vehicle collided with the rear of the "buffer vehicle" that was following the ASI street sweeper. That accident caused traffic on the bridge to come to a complete stop. Shortly thereafter, the second accident occurred when the tractor-trailer truck being driven by William Leedy McRae and owned by TK & S Trucking, LLC, collided with the rear of the tractor-trailer truck being operated by Robert James Sanders. That collision caused both tractor-trailer trucks to explode, killing McRae and injuring Sanders.
In August 2015, ALDOT filed a complaint against, among others, TK & S Trucking and the Estate of William Leedy McRae, seeking to recover the costs of the repairs made to the bridge as a result of the tractor-trailer explosion. In December 2015 and April 2016, Mr. Sanders and his wife, Barbara, filed individual complaints in intervention, asserting claims against the same defendants seeking monetary damages for medical bills, pain and suffering, and loss of consortium. Neither complaint in intervention included fictitious-party designations.
On May 17, 2016, the Sanderses amended their complaints in intervention to assert claims against fictitiously named defendants whose conduct, they alleged, wrongfully caused or contributed to the tractor-trailer accident involving Mr. Sanders.[1]
*643 On August 31, 2017, the Sanderses once again amended their complaints to substitute ASI for a fictitiously named defendant, asserting that ASI had caused or contributed to the tractor-trailer accident by "failing to adhere to applicable statutory and administrative guidelines when it had a duty to do so." ASI filed a motion to dismiss the claims against it on the ground that it was barred by the applicable two-year statute of limitations. See § 6-2-38(l ), Ala. Code 1975.
On January 9, 2018, the trial court entered an order denying ASI's motion to dismiss, in essence finding that the Sanderses' substitution of ASI in the amended complaints of August 31, 2017, relates back to the filing of the complaints of May 17, 2016, which added fictitiously named defendants. ASI then petitioned this Court for a writ of mandamus.
Standard of Review
A writ of mandamus is an extraordinary remedy available only when the petitioner can demonstrate: " '(1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.' " Ex parte Nall, 879 So.2d 541, 543 (Ala. 2003) (quoting Ex parte BOC Grp., Inc., 823 So.2d 1270, 1272 (Ala. 2001) ).
"A writ of mandamus is the proper means by which to seek review of a denial of a motion to dismiss filed by a party originally listed as a fictitiously named defendant 'when "the undisputed evidence shows that the plaintiff failed to act with due diligence in identifying the fictitiously named defendant as the party the plaintiff intended to sue." ' Ex parte Chemical Lime of Alabama, Inc., 916 So.2d 594, 596-97 (Ala. 2005) (quoting Ex parte Snow, 764 So.2d 531, 537 (Ala. 1999) ) ...."
Ex parte Nationwide Ins. Co., 991 So.2d 1287, 1290 (Ala. 2008).
Analysis
ASI argues that the trial court exceeded its discretion in denying its motion to dismiss because, it says, the Sanderses failed to exercise due diligence to discover its identity before the running of the limitations period; therefore, it says, the principles of fictitious-party pleading do not apply to the facts of this case. We agree. It is undisputed that the statute of limitations for filing a claim in the underlying action expired on or about May 22, 2016. On May 17, 2016, the Sanderses filed their amended complaints asserting claims against fictitiously named defendants. On August 31, 2017, the Sanderses amended their complaints to substitute ASI for a fictitiously named defendant--well over a year after the two-year limitations period had expired. Therefore, the Sanderses' claims against ASI are time-barred unless they have met the requirements of Rules 9(h) and 15(c), Ala. R. Civ. P.
" Rule 9(h), Ala. R. Civ. P., provides:
" 'When a party is ignorant of the name of an opposing party and so alleges in the party's pleading, the opposing party may be designated by any name, and when that party's true name is discovered, the process and all pleadings and proceedings in the action may be amended by substituting the true name.'
"This Court has held with regard to Rule 9(h) and the relation-back principles *644 of Rule 15(c), Ala. R. Civ. P., that the plaintiff must state a cause of action against the fictitiously named party in the body of the original complaint; that the plaintiff's ignorance of the true identity of the party intended to be sued is 'in the sense of having no knowledge' of the party's identity at the time the complaint was filed; and that the plaintiff must have used due diligence in attempting to discover the identity of the fictitiously named party. Columbia Eng'g Int'l Ltd. v. Espey, 429 So.2d 955, 958 (Ala. 1983). To be entitled to the benefit of the relation-back principles, the plaintiff must act with due diligence to ascertain the fictitiously named defendant's true name and to promptly amend the complaint to correctly identify that defendant."
Ex parte Griffin, 4 So.3d 430, 436 (Ala. 2008). "[T]he principal reason for [ Rule 9(h), Ala. R. Civ. P.,] is to toll the statute of limitations in emergency cases where [the] plaintiff knows he has been injured and has a cause of action against some person or entity, but has been unable to ascertain through due diligence the name of that responsible person or entity." Columbia Eng'g Int'l, Ltd. v. Espey, 429 So.2d 955, 959 (Ala. 1983). The test for determining whether a plaintiff has exercised due diligence to obtain the identities of fictitiously named defendants is "whether the plaintiff knew, or should have known, or was on notice, that the substituted defendants were in fact the parties described fictitiously." Davis v. Mims, 510 So.2d 227, 229 (Ala. 1987).
As indicated, the accidents on the bridge occurred on May 22, 2014. The Sanderses knew at the time they filed their amended complaints on May 17, 2016, that another person or entity on the bridge had caused the traffic to come to a complete stop, thereby causing or contributing to the tractor-trailer accident as a result of which Mr. Sanders was injured. However, the materials before us indicate that the Sanderses made little or no effort to research what event, i.e., the accident involving ASI's buffer vehicle, caused the traffic on the bridge to come to a complete stop. For example, the Uniform Traffic Crash Report for the first accident identified Christopher Donaldson as the driver of the ASI buffer vehicle and listed "American Sweeping Inc" as the owner of that vehicle. See Ex parte Nationwide Ins. Co., 991 So.2d 1287, 1291 (Ala. 2008) (finding that a substitution of a party for a fictitiously named party did not relate back when the plaintiff could have discovered an insurer's identity by, among other things, reviewing an accident report). In addition, it is also clear from the materials supplied to us that ASI's identity could have easily been discovered from ALDOT. Mr. Sanders testified that, following the tractor-trailer accident, he saw a vehicle on the shoulder of the bridge that he described as being state and/or ALDOT equipment, that he remembered having a conversation with a person who was presumably operating the vehicle or equipment, and that he gave that person's name to a state trooper.[2] Had the Sanderses issued written discovery to ALDOT, they could have learned that, shortly after the accidents, ALDOT had written a letter to ASI informing ASI that it had learned that ASI's equipment had been involved in an accident on the bridge and requesting that ASI preserve, without modification, its equipment as evidence in the event of litigation. Mr. Sanders also had a conversation with Donaldson, the *645 driver of the ASI buffer vehicle. Donaldson testified in his deposition that, following the tractor-trailer accident, he had a conversation with Mr. Sanders and that Mr. Sanders had asked him to "sign a statement" but that Donaldson told Mr. Sanders he could not sign a statement because he did not witness the second accident.[3] Donaldson further testified that he gave his name to Mr. Sanders, but neither Mr. Sanders nor his attorney contacted him. Moreover, the Sanderses either knew or should have known of ASI's identity as of July 8, 2016, when they received notification that TK & S Trucking, the owner of the truck being driven by McRae, had filed a notice of intent to issue a nonparty subpoena to ASI, seeking a multitude of materials, including ASI's file relating to the accident that occurred on May 22, 2014, involving Donaldson, Donaldson's personnel file, and all documents related to ASI's contract with ALDOT. Also, Mr. Sanders was deposed on July 14, 2016, at which time it was brought to his attention by one of the questioning attorneys that Donaldson was the driver of the vehicle "that was parked on the shoulder [of the bridge] straddling the fog line."
Finally, the most compelling information concerning the Sanderses' knowledge of ASI's identity comes from Jonathan Brown, an eyewitness to the tractor-trailer accident. Brown testified in his deposition, dated August 17, 2016, that he telephoned the Sanderses within a week after the tractor-trailer accident and at least two other times in 2014 to inquire about Mr. Sanders and that they all talked about the "accident that caused [Mr. Sander's] accident ['the street sweeper and the--the guy falling asleep at the wheel']."[4] Brown also stated in his deposition that he had provided a sworn statement to the Sanderses' attorney, apparently disclosing the events he had witnessed on the bridge on the day of the accidents. Based on their conversations with Brown in 2014, the Sanderses either knew or should have known or were on notice that ASI was in fact one of the parties who they alleged caused or contributed to the tractor-trailer accident in which Mr. Sanders was involved. Even more compelling is the fact that the Sanderses conceded in their motion in opposition to ASI's motion to dismiss, filed on January 7, 2018, that the identity of ASI had been available for discovery for well over a year and a half.[5] See *646 Ex parte Bowman, 986 So.2d 1152, 1158 (Ala. 2007) (recognizing that a "delay in amending a complaint to substitute a named party for a fictitiously named party once information is available can defeat the availability of relation back").
Based on the foregoing, we conclude that the Sanderses did not act with due diligence in discovering ASI's identity either before or after they filed their amended complaints on May 17, 2016, asserting claims against fictitiously named defendants. Accordingly, the Sanderses' August 31, 2017, amended complaints substituting ASI for a fictitiously named defendant do not relate back to their May 17, 2016, complaints; the August 31, 2017, complaints naming ASI as a defendant are therefore time-barred.
Conclusion
ASI has shown a clear legal right to dismissal of the claims asserted against it by the Sanderses. We therefore grant the petition for a writ of mandamus and direct the trial court to vacate its order denying ASI's motion to dismiss and to enter an order dismissing the claims asserted against ASI.
PETITION GRANTED; WRIT ISSUED.
Stuart, C.J., and Bolin, Main, Wise, and Mendheim, JJ., concur.
Parker, J., concurs in the result.
Shaw and Bryan, JJ., dissent.

The materials before us do not include the Sanderses' initial complaints in intervention or their amended complaints asserting causes of action against fictitiously named defendants.

It appears from the materials before us that the equipment Mr. Sanders described as being state and/or ALDOT equipment on the shoulder of the bridge was presumably the ASI street sweeper and/or buffer vehicle.

It appears from the deposition excerpts that Donaldson and Mr. Sanders had a conversation near the tractor-trailer accident. Presumably then, Mr. Sanders asked Donaldson to give a statement about the tractor-trailer accident, and not the accident involving the ASI buffer vehicle.

The "guy falling asleep at the wheel" is presumably the person who was driving the vehicle that collided with the rear of the buffer vehicle that was following the street sweeper.

The Sanderses contended in their motion, as they contend in their response brief, that they did not have a "cognizable claim" against ASI until they learned in June 2017 of ALDOT's policies and procedures requiring ASI to have two buffer vehicles when performing sweeping operations on the bridge. By making this argument, the Sanderses implicitly claim that they did not know that a cause of action existed against ASI at the time they filed their amended complaints on May 17, 2016, asserting claims against fictitiously named defendants. If such is the case, then Rule 9(h) would be inapplicable. However, ASI does not argue that the Sanderses' May 17, 2016, complaint failed to state a cause of action against it. And, as indicated in note 1, the complaints asserting claims against fictitiously named defendants are not before us. See Columbia Eng'g Int'l, Ltd. v. Espey, 429 So.2d at 960 (emphasizing that "Rule 9(h) was not meant to excuse ignorance of the identity of a cause of action, but only ignorance of the name of the party against whom a cause of action is stated"); see also Threadgill v. Birmingham Bd. of Educ., 407 So.2d 129, 133 (Ala. 1981) (noting that "where the identity of a party is known at the time suit is filed, but where the cause of action against such defendant is unknown, Rule 9(h)... does not allow a relation back to the original filing of the complaint where the statute of limitations has run").